No. 12454

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

STATE  ex rel R. W. McGHEE,
H. L. McGHEE et al.,

                    Petitioners,

    -vs-

THE DISTRICT COURT OF THE SIXTEENTH
JUDICIAL DISTRICT et al.,

                    Respondents.


ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioners:

        Lucas, Jardine and Monaghan, Miles City, Montana
        James P. Lucas argued, Miles City, Montana

    For Respondents:

        Gene Huntley argued, Baker, Montana


                        Submitted:  March 5, 1973

                        Decided: MAR 2 9 1973

Filed: MAR 2 9 1973

_____
                        Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding commenced by R. W. McGhee, H.L. McGhee, and McGhee and McGhee, a partnership, hereinafter referred to as petitioners. Petitioners request this Court to take supervisory control of the district court of Fallon County and vacate an order of that court denying summary judgment in favor of all the petitioners. The petition alleges the district court erred as a matter of law:

> "(I)n not concluding * * * that the statute of limitations was a valid defense for all named Defendants, and that it further erred in amending its PARTIAL SUMMARY JUDGMENT to limit the relief to the Defendant H.L. McGhee."

The petition is based upon these facts: R. W. McGhee and H.L. McGhee are the sole partners in McGhee and McGhee. The purpose of the partnership is to conduct a ranching operation south of Baker, Montana, in Fallon County. On December 20, 1968, while employed by the partnership in the ranching operation, Alva B.McGhee, father of R.W. McGhee, was injured and died the following day.

Sometime after his death, Ellen Dockter was appointed administratrix of decedent's estate. She commenced suit in the district court of Fallon County against petitioners individually and as members of the partnership, alleging they had failed to provide a safe place to work and sought damages for the death of Alva McGhee. Complaint was filed on January 4, 1972. Service was had on H.L. McGhee that same day and on R.W. McGhee on May 30, 1972, in Duchesne County, Utah.

Petitioners first moved to dismiss the complaint, setting up the statute of limitations as a complete bar to the suit. This motion was overruled. The respondent court then on its own motion, held an evidentiary hearing on the question of the applicability of the statute of limitations. It was determined at the hearing

that H. L. McGhee was present in Montana during the running of the statute of limitations and therefore the suit was dismissed against him because he had not been served within the three year limitation period.

R. W. McGhee was found to have resided in the state until May 1971, at which time he became a resident of Utah. The district court held that suit could be maintained against him because the statute of limitations had been tolled by his absence from Montana. The district court further ordered that the claim against the partnership was barred by the statute; but later amended that order to allow suit against the partnership.

The sole issue here is whether suit against R. W. McGhee and the partnership was barred by the statute of limitations. Both parties agree the correct statute to apply is section 93-2605(2), R.C.M. 1947, which provides for a three year period in which to bring:

> "An action to recover damages for the death of one caused by the wrongful act or neglect of another."

Petitioners assert suit was not filed until fourteen days after the time period for filing such suit had expired. Respondent court agrees with this position but asserts the statute was tolled by the absence of R. W. McGhee from the state after May 1971. As authority for its argument respondent cites section 93-2702, R.C.M. 1947, which reads:

> "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

The purpose of section 93-2702, R.C.M. 1947, is to prevent a defendant from defeating a plaintiff's claim for relief by leaving the state or by establishing residence in another state. But, there is an exception to this rule. In cases where the plaintiff may effect service of process by some method, even though the defendant may be a nonresident or absent from the state, the

- 3 -

statute continues to run during the absence or nonresidency.
The Supreme Court of Oklahoma in Walker v. L.E. Meyers Const.
Co., 175 Okl. 548, 53 P.2d 547, 548, established this test to
be applied in such cases:

> "The test as to whether the statute is tolled
> or not seems to be whether it is possible at
> all times to obtain service of the process upon
> a foreign corporation, upon which a personal
> judgment could be rendered, even though the for-
> eign corporation is absent from the state * * *."

While the language of the Oklahoma court is in terms of out
of state corporations, it can be applied here.

Respondent court has determined the facts to be: That
R. W. McGhee was present in the state on the day the accident
took place; that he continued to reside in the state until May
1971, and after that date he resided in Utah. Based on those
facts, it was possible to obtain service on R. W. McGhee during
the entire three years. For the period up to May 1971, he could
have been served under Rule 4D(2)(a), M.R.Civ.P. After May 1971,
service could have been accomplished by what is commonly referred
to as the "long arm statute", Rule 4D(3), M.R.Civ.P. As a matter
of fact, service was made on R. W. McGhee in Utah by virtue of
this rule.

The alleged tort was committed by R. W. McGhee while he
resided in Montana and under Rule 4B(1), M.R.Civ.P., this subjects
him to the jurisdiction of the Montana courts. By being subject
to the jurisdiction of respondent court and capable of being
served during the entire time, the statute of limitations was not
tolled. This conclusion is supported by this Court's decision
in State ex rel. Johnson v. Dist. Court, 148 Mont. 22, 417 P.2d 109.
While the facts in Johnson are not the same, the effect of the
decision there was to subject a doctor living in California to
the jurisdiction of the Montana courts for a tort he committed
while living in Montana. In that case, service was obtained by
the "long arm statute", Rule 4D(3), M.R.Civ.P.

The Oklahoma Supreme Court reached the same conclusion in construing a statute similar in intent to Montana's section 93-2702, R.C.M. 1947, in St. Louis and S.F.R.Co. v. Taliaferro, 67 Okl. 37, 168 P. 788. There it was said:

> "The theory of the statute of limitations is that it operates to bar all actions, except as against persons and corporations upon whom notice of the action cannot be served because of their being out of the state. If such notice can be served during the whole of the prescribed period, and a personal judgment can be enforced in the mode provided by law, then such person or corporation is not 'out of the state,' * * *".

This same conclusion was reached by the United States District Court in Klein v. Lionel Corporation, 130 F.Supp. 725, 727, in deciding whether the Delaware statute of limitations had been tolled in an antitrust suit. The court held:

> "The vast majority of the cases hold that a statutory provision tolling the Statute of Limitations during the time defendant is not a resident or is absent from a state has a direct reference to the inability of the plaintiff to secure service of personal process on such defendant. Thus, most courts hold that such statutes regarding the tolling the Statute of Limitations do not have the effect of tolling the statute, if notwithstanding such absence, personal service of process can be had. In such case the Statute of Limitations continues to run during the defendant's absence."

Therefore, because R. W. McGhee was subject to personal service the the entire running of the statute of limitations, the statute as to him was not tolled.

In this case, it was not necessary to serve R. W. McGhee personally to secure jurisdiction over the partnership. The alleged tort took place while decedent was in the employ of the partnership of R. W. McGhee and H.L. McGhee. Under Montana law of partnership, they could be sued under the partnership name and they were, as the court found. This is provided in section 93-2827, R.C.M. 1947, which also provides that summons in such an action may be served one one of the partners and such service shall be binding on all partners. See: Rule 4D(2)(e), M.R.Civ.P. Here, as determined by the respondent court, H.L. McGhee was present

in Montana during the entire three year period and could have been served as a member of the partnership.

This is a proper case for this Court to exercise its power of supervisory control under Article VIII, Sec. 2, of the 1889 Montana Constitution, and section 93-1106, R.C.M. 1947. Therefore a writ of supervisory control is ordered to issue directing respondent court to amend its summary judgment in its Cause # 4306, to grant summary judgment in favor of all defendants.

Chief Justice

We Concur:

Associate Justices.