No. 80-35

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

EDMUND W. BEEDIE and
TRUCK INSURANCE EXCHANGE,

                    Plaintiffs and Appellants,

          -vs-

JOHN SHELLEY and MARTHA SHELLEY,

                    Defendants and Respondents.

_____

Appeal from:   The District Court of the Thirteenth Judicial
               District, In Yellowstone County, The Honorable
               Robert H. Wilson, Judge presiding.

Counsel of Record:

          For Appellants:

          Lewis E. Brueggemann, Billings, Montana

          For Respondents:

          Hibbs, Sweeney, Colberg, Jensen and Koessler,
          Billings, Montana

_____

                         Submitted on Briefs:   March 21, 1980

                              Decided:   MAY 6 - 1980

Filed:   MAY 6 - 1980

_Thomas J. Kearney_
                                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiffs Edmund Beedie and Truck Insurance Exchange brought this action in the District Court of Yellowstone County to recover damages for injuries sustained as a result of defendants' alleged negligence. The complaint was filed on October 15, 1979, and both parties filed motions for summary judgment with accompanying briefs and affidavits. The District Court held a hearing on the motions, granted summary judgment for the defendants and dismissed the plaintiffs' action. Plaintiffs appeal from this dismissal.

Plaintiff Edmund Beedie is an employee of Goodan Conoco Service Station located in Lewistown, Montana. Beedie was injured on September 8, 1976, when he was hit by defendant Martha Shelley's motor vehicle, driven by defendant John Shelley, as he was walking from the shop area to the gas pump island of the service station. Beedie received head and leg injuries and was unable to return to work for over 12 weeks.

Beedie's employer filed a workers' compensation claim which was settled on July 14, 1978. Plaintiff Truck Insurance Exchange made final payments to Beedie on July 17, 1978, and has asserted a subrogation claim in the amount of $7,728.06. John Shelley moved to Medford, Oregon, in June 1978 and Martha Shelley joined him there in August 1978.

There was some question raised in the District Court concerning the reasons for this move and whether or not plaintiffs were aware of defendants' location. Plaintiffs contend that defendants fled the state to avoid service of process for this suit and that they were unaware of defendants' whereabouts until September 28, 1979. They argue that this disappearance from the state tolled the statute of limitations.

-2-

Defendants, however, presented evidence in the District Court showing bona fide reasons for leaving the state and also that an agent of plaintiff-insurer was aware of their new addresses. Defendants argue that they were at all times available to service and therefore the statute of limitations had run by the time the action was filed.

Although appellants raise four issues on appeal, this case can be decided on the single issue of whether the District Court erred in granting summary judgment based on the running of the statute of limitations.

Appellants initially contend that the statute of limitations was tolled because respondents were outside the State of Montana during periods of time after the date of the accident. This contention is based on section 27-2-402, MCA. Respondents, on the other hand, argue that although they have been nonresidents and outside Montana at certain times subsequent to the date of the accident, they have always been available for service of process under Rule 4D(3), M.R.Civ.P. (Montana's long-arm statute).

In Montana a tort action must be commenced within three years of the commission of the tort. Section 27-2-204, MCA. Section 27-2-402, MCA, provides:

> "If when the cause of action accrues against a person he is out of the state, the action may be commenced within the term herein limited after his return to the state; and if after the cause of action accrues he departs from the state, the time of his absence is not part of the time limited for the commencment of the action."

Rule 4D(3), M.R.Civ.P., provides:

> "Personal service outside the state. Where service upon any person cannot, with due diligence, be made personally within this state, service of summons and complaint may be made by service outside this state in the manner provided for service within this state, with the same force and effect as though service had been made within

-3-

this state. Where service by publication is permitted as hereinafter provided, personal service of a summons and complaint upon the defendant out of the state shall be equivalent to and shall dispense with the procedures and the publication and mailing provided for hereafter in 4(5)(c), 4(5)(d) and 4(5)(e) of this rule."

Rule 4B(1), M.R.Civ.P., provides in pertinent part:

". . . any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:

". . .

"(b) the commission of any act which results in accrual within this state of a tort action;"

When Rules 4B(1) and 4D(3) are read together, it becomes readily apparent that respondents here were at all times subject to the jurisdiction of Montana courts and were therefore amenable to service of process.

This Court faced a similar situation in State ex rel. McGhee v. District Ct. of Sixteenth J.D. (1973), 162 Mont. 31, 508 P.2d 130. In McGhee the petitioner requested a writ of supervisory control seeking to compel the trial court to grant summary judgment based on the running of the statute of limitations. The case involved a wrongful death action against a ranching partnership collectively and the partners individually. The accident occurred on December 20, 1968, while R. W. McGhee was present in the state. He continued to reside in the state until May 1971 and after that date he resided in Utah. The complaint was filed on January 4, 1972, and R. W. McGhee was served on May 30, 1972, in Utah, pursuant to the long-arm statute.

In McGhee we granted petitioner's request for supervisory control and held that where plaintiff could effectively serve defendant outside the state, absence from the

-4-

state would not toll the statute of limitations. We stated:

> "The purpose of section 93-2702, R.C.M. 1947 [now section 27-2-402, MCA], is to prevent a defendant from defeating a plaintiff's claim for relief by leaving the state or by establishing residence in another state. But, there is an exception to this rule. In cases where the plaintiff may effect service of process by some method, even though the defendant may be a nonresident or absent from the state, the statute continues to run during the absence or nonresidency . . .
>
> " . . .
>
> "The alleged tort was committed by R. W. McGhee while he resided in Montana and under Rule 4B(1), M.R.Civ.P., this subjects him to the jurisdiction of the Montana courts. By being subject to the jurisdiction of respondent court and capable of being served during the entire time, the statute of limitations was not tolled . . ."
> 508 P.2d at 131-32.

See also, State v. District Court of Fourth Judicial District (1966), 148 Mont. 22, 417 P.2d 109; Baker v. Ferguson Research, Inc. (D. Mont. 1974), 61 F.R.D. 637. In the instant case, the accident occurred on September 8, 1976. Defendant John Shelley resided in this state until June 1978 when he moved to Medford, Oregon, followed shortly by his wife in August 1978. The defendants were uninsured at the time of the accident; however, shortly after the accident, Martha was insured by Mid-Century Insurance Exchange and John by Farmers Insurance Exchange, both affiliated companies of appellant Truck Insurance Exchange. Exhibits produced in the District Court indicated that as of early August 1979 Truck Insurance Exchange had knowledge of the Shelleys' Oregon address. This address was later utilized in serving respondents with the summons and complaint. The complaint here was filed October 15, 1979.

The delay in filing the complaint was apparently caused by appellants' desire to ascertain whether the Shelleys had

sufficient assets to answer for any judgment before going ahead with a lawsuit. This reason is not sufficient to toll the statute of limitations, as appellants could have filed the complaint before the statute of limitations ran and served it within a reasonable time thereafter. Rule 3, M.R.Civ.P. The Shelleys were residents of Montana at the time of the accident. Under Rule 4B(1) this subjected them to the jurisdiction of the Montana courts. Because they were subject to our jurisdiction and capable of being served during the entire time, the statute of limitations was not tolled. State ex rel. McGhee v. District Ct. of Sixteenth J.D., supra.

Appellants next contend that the defense of statute of limitations is not available against its subrogation claim. We disagree. Appellants' claim is one of subrogation. It is derived from that of the insured and is subject to the same defenses, including the statute of limitations as though the action were sued upon by the insured. Sunset-Sternau Food Co. v. Bonzi (1964), 60 Cal.2d 834, 36 Cal.Rptr. 741, 389 P.2d 133; May Trucking Co. v. International Harvester Co. (1975), 97 Idaho 319, 543 P.2d 1159. Therefore, the statute of limitations began running at the time of the accident, September 8, 1976.

The District Court acted correctly in granting respondents' motion for summary judgment.

Affirmed.

_____
                        Justice

-6-

We concur:

_____
Chief Justice

_____

_____

_____
Justices