689 P.2d 227

**Michael J. VERBILLIS and Debra L. Verbillis, husband and wife, Plaintiffs-Respondents,**

v.

**DEPENDABLE APPLIANCE COMPANY, Bob Johnston and Jane Doe Johnston, husband and wife, Defendants-Appellants.**

**No. 14684.**

Court of Appeals of Idaho.

Oct. 16, 1984.

336

Jeffery Grey Lavagetto and David A. Manko (argued), Coeur d'Alene, for appellants.

Michael J. Verbillis, Coeur d'Alene, pro se.

BURNETT, Judge.

The proprietors of an appliance store have appealed a judgment in favor of consumers who sued for the malfunction of a food freezer. The consumers, Michael and Debra Verbillis, claimed that the malfunction occurred when a compressor installed by the store, and expressly warranted for one year, failed less than four months later. The store, Dependable Appliance, denied the claim and broadly alleged that if the compressor had failed, it was due to the consumers' contributory fault or to the fault of unnamed third parties who supplied the compressor. A magistrate entered summary judgment for the consumers and the district court upheld the judgment. We affirm.

The sole question on appeal is whether the record discloses a genuine issue concerning the existence of a defect in the

compressor. The facts pertinent to this question are undisputed. After the lawsuit was filed, an independent repairman examined the freezer and compressor. In a cursory report, he stated, "Compressor [is] stuck, winding check good. Leak in lines, oil loss bad." The consumers moved for summary judgment and filed an affidavit incorporating the repairman's report. The appliance store elected to stand on its general denial.

■ It is axiomatic that summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). If a motion for summary judgment is supported by a particularized affidavit, the opposing party may not rest upon bare allegations or denials in his pleadings. He must set forth "specific facts" showing a genuine issue. I.R.C.P. 56(e). If he does not, "summary judgment, if appropriate, shall be entered against him." *Id.* Summary judgment is "appropriate" if the facts shown by the moving party are undisputed and establish a right to judgment as a matter of law.

■ In the present case, the consumers were entitled to judgment on their warranty claim if they established that the compressor carried a warranty, expressed or implied; that the compressor did not conform to the warranty at the time of the sale; and that damage was caused, proximately and in fact, by the nonconformity. *See generally* J. WHITE & R. SUMMERS, HANDBOOK OF THE LAW UNDER THE UNIFORM COMMERCIAL CODE § 9-1 at 326 (2d ed. 1980). Of these elements, only the nonconformity itself has been controverted. The other elements were established by the consumers' unanswered affidavit or by the appliance store's response to certain requests for admissions.

■ The question of nonconformity turns upon the existence of a defect when the compressor was installed. In Idaho a product defect need not be specifically and directly proven. It may be inferred from circumstantial evidence showing a malfunction of the product, the reasonableness of its use after it was acquired, and the absence of other reasonable causes for the malfunction. *Farmer v. International Harvester Co.*, 97 Idaho 742, 553 P.2d 1306 (1976). Here, it was undisputed that the freezer malfunctioned solely because the compressor "stuck." There was no showing that the compressor and the freezer were put to abnormal use. These facts support an inference that the compressor was defective.

■ The appliance store resists the inference, arguing that the independent repairman's notation of leaking lines and oil loss may suggest an underlying cause of the compressor failure. However, this contention would raise a genuine issue concerning the inference of a defect only if the record further showed that the lines in question were external to, not part of, the compressor. There is no such showing or indication in the record. The appliance store, in essence, has urged us to hypothecate a fact—that the lines were separate from the compressor—and to overturn a summary judgment upon an issue raised by that hypothecated fact. This we cannot do. Motions for summary judgments are decided upon facts shown, not upon facts that might have been shown. *See Barton v. Cannon*, 94 Idaho 422, 489 P.2d 1021 (1971).

■ The appliance store also contends that the consumers were not entitled to the inference of a defect because, in a summary judgment proceeding, all inferences must be drawn in favor of the nonmoving party. This contention fails upon two grounds. First, an inference adverse to the nonmoving party may be drawn if it is the only reasonable inference. *Christensen v. Idaho Land Developers, Inc.*, 104 Idaho 458, 660 P.2d 70 (Ct.App.1983). Here, disregarding any hypothecated fact and focusing upon facts set forth in the record, we find no basis for any reasonable inference except that the compressor was defective. Secondly, in *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661 (1982), our Supreme

Court held if "evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences, because the court alone will be responsible for resolving the conflict between those inferences." A jury trial was not requested in this case. The appliance store did not controvert the evidentiary facts advanced by the consumers. Therefore, the magistrate was not constrained to draw all inferences in favor of the store. He could, and did, draw his own reasonable inference from the undisputed facts before him. We conclude that the consumers' motion for summary judgment was properly granted.

The consumers have requested that attorney fees be awarded in this appeal, under I.C. § 12–121. This statute, as all practitioners know, has been interpreted to allow attorney fees on appeal when the appeal has been "brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Our opinion today has been based, in part, upon a standard for review of summary judgments announced in *Riverside Development Co. v. Ritchie, supra.* That decision had not been issued when the instant appeal was taken. Therefore, we decline to characterize the appeal as frivolous, unreasonable or without foundation.

The order of the district court, upholding the judgment below, is affirmed. Costs, but no attorney fees, to respondents Verbillis.

WALTERS, C.J., and SWANSTROM, J., concur.