710 P.2d 672

**EIMCO DIVISION, ENVIROTECH CORPORATION, a Delaware Corporation, Plaintiff-Appellant,**

v.

**UNITED PACIFIC INSURANCE COMPANY, a Washington Corporation, Defendant-Respondent.**

No. 15609.

Court of Appeals of Idaho.

Dec. 4, 1985.

Lloyd J. Webb, Webb, Burton, Carlson & Pedersen, Twin Falls, for plaintiff-appellant.

Brian R. Hanson (argued), and Larry E. Prince, Holland & Hart, Langroise, Sullivan, Boise, for defendant-respondent.

BURNETT, Judge.

This is an appeal from a summary judgment in litigation arising from a public works project. A materialman sued the general contractor and its surety after the contractor failed to pay fully for materials supplied. The district court held that the action against the surety was time-barred under I.C. § 54–1927. We affirm.

The dispositive facts are undisputed. North American Contractors was engaged by the City of Nampa to construct a wastewater treatment plant. In compliance with I.C. § 54–1926, North American obtained a payment bond, purchasing it from United Pacific Insurance Co. North American then contracted with Eimco, a division of Envirotech Corporation, to provide grit collection and thickener mechanisms for the new facility. Eimco performed but it received $14,000 less than the contract price.

Eimco sued the general contractor and its surety for the unpaid balance. The surety moved for summary judgment, relying upon the time limit prescribed by I.C. § 54-1927 for actions upon payment bonds. The district judge granted the motion and certified the judgment for appeal under I.R.C.P 54(b).

Payment bonds are part of a statutory scheme set forth in the Public Contracts Bond Act, I.C. §§ 54–1925 to –1930. The Act is fashioned after the federal "Miller Act," 40 U.S.C. §§ 270a–270d. Payment bonds are required for the protection of subcontractors and materialmen. In private construction projects, those who supply labor or materials may file mechanics' liens. I.C. § 45–501. However, in the public works projects, mechanics' liens are prohibited and the payment bonds provide an alternate source of payment.

Idaho Code § 54–1927 provides, in pertinent part, as follows:

[No suit upon a payment bond] shall be commenced after the expiration of *one (1) year from the date on which the claimant* performed the last of the labor or *furnished or supplied the last of the material or equipment* for which such suit is brought, *except,* that *if the claimant is a subcontractor of the contractor,* no such suit shall be commenced after the expiration of *one (1) year from the date on which final payment under the subcontractor [sic] became due.* [Emphasis added.]

In this case the parties have debated which of the one-year limitation periods is applicable. But the distinction does not affect the result in this case. As explained below, even if we assume that Eimco was a "subcontractor of the contractor," and that its year for filing suit did not begin to run until payment was due, the action still was untimely.

The general contractor's purchase order, issued to Eimco, stated that ninety percent of the contract price would be paid thirty days after the equipment was shipped. The remaining ten percent would be paid sixty days after the general contractor ac-

cepted the delivered equipment. In response, Eimco sent the general contractor a letter insisting upon full payment no later than 120 days from the date of shipment. The letter also declared that Eimco would continue work "under the above stated conditions" unless the general contractor objected within fifteen days. There was no objection. Thereafter, Eimco sent the general contractor invoices reiterating the payment schedule set forth in the letter.

After the suit was filed, Eimco acknowledged, in Answers to Interrogatories, that all equipment had been delivered on or before February 28, 1981. By the terms of Eimco's letter and invoices, final payment was due no later than June 28, 1981. Under I.C. § 54–1927, suit could not be filed after June 28, 1982. Eimco's complaint was filed on September 2, 1982.

■ Eimco now argues that the date when final payment became due is unsettled because the general contractor never accepted Eimco's modification of the original terms of payment contained in the purchase order. We are not persuaded. We acknowledge, of course, that silence or failure to reject an offer usually is not evidence of intent to accept the offer. J. CALAMARI & J. PERILLO, THE LAW OF CONTRACTS § 2–21, at 63–68 (2d ed. 1977). However, an exception to this general rule has emerged. The RESTATEMENT (SECOND) OF CONTRACTS § 69(1)(b) (1981) provides that an offer may be accepted by silence if "the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction, and the offeree in remaining silent and inactive intends to accept the offer." Here, we are presented with such a situation. The parties had an agreement regarding the equipment to be supplied and the price to be paid. The general contractor's purchase order offered a payment schedule to supplement the agreement. By its letter, Eimco rejected this offer, made a counteroffer, and set a deadline for rejecting the counteroffer—after which Eimco would continue work under the "conditions" recited in the letter.

Under these circumstances, the general contractor had reason to understand that its assent would be manifested by silence and inaction. There is no evidence in the record that the general contractor intended to reject Eimco's terms. We conclude that the terms were accepted.

■ Eimco further argues that the surety cannot claim the benefit of a limitation period starting 120 days after delivery because the general contractor later rejected Eimco's performance. However, the record contains no factual support for the assertion that Eimco's performance was rejected. There is no evidence to show that the general contractor found the equipment unsatisfactory after Eimco completed all of its work. The record simply shows that for some reason, the general contractor failed to pay the full contract price. Eimco urges us to infer a rejection from the fact of incomplete payment. With exceptions not applicable here, see *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982) and *Argyle v. Slemaker*, 107 Idaho 668, 691 P.2d 1283 (Ct.App.1984), a party resisting summary judgment is entitled to the benefit of all reasonable inferences. However, such inferences must be based upon evidentiary facts disclosed by the record. We cannot hypothecate facts to defeat a summary judgment. *Verbillis v. Dependable Appliance Co.*, 107 Idaho 335, 689 P.2d 227 (Ct.App.1984). We will not hypothecate a rejection of performance in this case.

■ Eimco invites attention to a dispute between the general contractor and the City of Nampa, suggesting that such a dispute shows rejection of Eimco's performance. We disagree. The dispute, at most, indicates that the general contractor's overall performance was questioned by the City. The record contains no factual nexus between that dispute and Eimco's performance. We conclude that no genuine issue of material fact exists regarding the date when payment was due. Consequently, it is clear, as a matter of law, that this lawsuit was filed after the cutoff pre-

scribed by I.C. § 54–1927. Summary judgment was properly entered.

The surety has requested an award of attorney fees on appeal. Idaho Code § 54–1929 authorizes an award "[i]n any action brought upon ... the bonds provided herein...." However, in *LaGrand Steel Products Co. v. A.S.C. Constructors, Inc.*, 108 Idaho 817, 702 P.2d 855 (Ct.App.1985), we analogized this statute to the statute governing attorney fees in actions upon mechanics' liens. The latter statute, I.C. § 45–513, has been construed to exclude appeals. *E.g., Acoustic Specialties, Inc. v. Wright,* 103 Idaho 595, 651 P.2d 529 (1982). By parity of reasoning, we declined to award attorney fees on appeal in *LaGrand Steel* and we similarly decline to do so here. Of course, attorney fees might also be awarded under I.C. § 12–121 if the action had been pursued frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). However, we do not believe this appeal should be so characterized.

In summary, we affirm the summary judgment dismissing Eimco's complaint as it relates to the surety, United Pacific. Costs to respondent. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.