950 P.2d 1242

**Donald D. TETZLAFF, Plaintiff–Appellant,**

v.

**Larry BROOKS, d/b/a Larry Brooks Excavation, Defendant–Respondent.**

No. 23468.

Supreme Court of Idaho,
Boise, November 1997 Term.

Dec. 24, 1997.

Wm. Breck Seiniger, Jr., Boise, for Plaintiff–Appellant.

Quane, Smith, Howard & Hull, Boise, for Defendant–Respondent. Chris H. Hansen argued.

JOHNSON, Justice.

This is a statute of limitations case that involves our interpretation of section 5–229 of the Idaho Code (I.C.). We reaffirm that this statute tolls the running of a statute of limitations only when the party against whom the claim is made was out of the state and during that time could not have been located for service of process with reasonably diligent efforts. We uphold the trial court's grant of summary judgment dismissing the claim in the present case. The party seeking to toll the statute of limitations did not present evidence to create a genuine issue of material fact whether, with reasonably diligent efforts, it could have located the party against whom the claim was made for service of process while out of state.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

On June 10, 1994, Larry Brooks (Brooks) and Donald Tetzlaff (Tetzlaff), both Idaho residents, were involved in an automobile collision. Brooks was out of Idaho for a total of at least eleven days during the two years following the accident. Also, Brooks commuted on a daily basis to Vale, Oregon, for a period of five weeks in 1995. On May 14, 1996, Tetzlaff's attorney wrote a letter to Brooks stating: "The purpose of this letter is to make demand for all purposes for the sum of $25,000 to settle our client's claim.... If we are not able to conclude this matter, we will file a suit prior to the statute of limitations on June 10, 1996." Tetzlaff filed suit on June 17, 1996, seven days after the expiration of the two-year statute of limitations for personal injury claims contained in I.C. § 5–219(4).

Brooks moved to dismiss Tetzlaff's case on the ground that the statute of limitations had run before Tetzlaff filed suit. In opposition to the motion, Tetzlaff contended that the statute of limitations had been tolled by I.C. § 5–229 due to Brooks's absences from the state. In support of his motion for summary judgment, Brooks submitted an affidavit stating: (1) he had received Tetzlaff's May 14, 1996, letter at his Boise address; (2) he had resided at that address since the time of the accident; and (3) the telephone directory had accurately listed his address in the white pages continuously since the accident. Tetzlaff presented no evidence that Brooks could not have been located for service of process with reasonably diligent efforts while Brooks was out of the state.

The trial court granted summary judgment dismissing Tetzlaff's case. Tetzlaff appealed.

## II.

### NEITHER I.C. § 5–514 NOR § 49–2421 IMPLIEDLY REPEALS I.C. § 5–229.

We first address Brooks's contention that I.C. § 5–514, the long arm jurisdictional statute, and § 49–2421, the statute appointing the Secretary of State as statutory agent for operators of motor vehicles, impliedly repeal I.C. § 5–229.

Repeal by implication is disfavored. We will not declare it if there is any other reasonable construction of the statutes. *State v. Martinez*, 43 Idaho 180, 187, 250 P. 239, 240 (1926). "Only when new legislation is irreconcilable with and repugnant to a pre-existing statute may we find an implied repeal." *Doe v. Durtschi*, 110 Idaho 466, 478, 716 P.2d 1238, 1250 (1986). In *Curtis v. Canyon Highway District No. 4*, the Court employed the following analysis to determine if there has been an implied repeal:

To effect an implied repeal of one statute by another they must both relate to the same subject and have the same object or purpose. Where there is a difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed. Where the evils

which an act is designed to remedy are different from those for which a prior act provides, the prior act is not repealed. 122 Idaho 73, 78, 831 P.2d 541, 546 (1992), *overruled on other grounds by Lawton v. City of Pocatello,* 126 Idaho 454, 462, 886 P.2d 330, 338 (1994).

I.C. § 5–229 is not in conflict with either I.C. § 5–514 or § 49–2421. Although it is arguable whether these statutes relate to different subjects, we conclude that they have different objects and purposes. The object and purpose of I.C. § 5–229 is to toll statutes of limitations when the party against whom the claim is made is absent from the state. *Lipe v. Javelin Tire Co.,* 96 Idaho 723, 726, 536 P.2d 291, 294 (1975). The object and purpose of I.C. § 5–514 is to provide for jurisdiction in Idaho over any person who does any of certain enumerated acts. The object and purpose of I.C. § 49–2421 is to provide for service of process on the operator of a motor vehicle either personally or through the Secretary of State. Therefore, I.C. § 5–514 and § 49–2421 do not impliedly repeal I.C. § 5–229.

### III.

### THE TRIAL COURT CORRECTLY GRANTED SUMMARY JUDGMENT.

Tetzlaff asserts that the trial court should not have granted summary judgment. We disagree.

■ In *Lipe,* the Court ruled that the purpose of I.C. § 5–229 "was to prevent the running of the statute of limitations during the time that a defendant was unavailable for service of process because he was absent from the state...." *Id.* at 726, 536 P.2d at 294. In *Lipe,* the Court considered the effect of the statute on the statute of limitations concerning a claim against a foreign corporation and concluded:

> Excepting circumstances where the foreign corporation cannot be located for service of process with reasonably diligent efforts, the statute of limitations is not tolled against a foreign corporation which has not qualified to do business within the state during any period of time in which the corporation is subject to the jurisdiction of the courts of this state and may be person-

ally served without the boundaries of this state under the long arm statute. *Id.*

■ In opposition to Brooks's motion for summary judgment, Tetzlaff made no effort to demonstrate that while Brooks was outside the state he could not have been located for service of process with reasonably diligent efforts. Therefore, the trial court was correct in granting summary judgment dismissing Tetzlaff's case. I.R.C.P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

### IV.

### CONCLUSION

We affirm the summary judgment dismissing Tetzlaff's claim.

We award Brooks costs on appeal. Brooks did not request attorney fees.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.