966 P.2d 658

**Guy E. BUTTERFIELD and, Mary D. Butterfield, Plaintiffs–Appellants,**

v.

**Betty Jean MacKENZIE aka B.J. MacKenzie fdba Mountain Images, Defendants–Respondents.**

No. 24298.

Court of Appeals of Idaho.

Aug. 27, 1998.

Opinion on Denial of Rehearing
Sept. 25, 1998.

Randy J. Stoker, Chtd., Twin Falls, for Plaintiffs–Appellants.

Hysler Cody Runyan, Driggs, for Defendants–Respondents.

SCHWARTZMAN, Judge.

Guy E. and Mary D. Butterfield appeal from the district court's decision granting Betty Jean MacKenzie's motion for summary judgment. The court held that the relevant statute of limitations for the Butterfields' cause of action had expired. We affirm.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

On November 7, 1989, the Butterfields loaned $12,000 to MacKenzie, who signed a promissory note which stated that the entire sum plus 12 percent annual interest was: "All due and payable April 15, 1990." It is uncontested that no payments of interest or principal have ever been made on the loan.

At the time of the loan, MacKenzie and the Butterfields were both living in Blaine County, Idaho. In the fall of 1990, MacKenzie moved to Ventura, California to care for her sick mother. She thereafter wrote to the Butterfields and described her current inability to pay the debt, but noted that she hoped to repay it with an eventual inheritance.

In May of 1991, Ms. Butterfield wrote MacKenzie at 6 College Drive, Ventura, California, asking for payment of the loan. This letter was returned marked "Delivery Attempted Unclaimed." The Butterfields later received a letter from MacKenzie postmarked June 25, 1991, which had a return address of 10 College Drive, Ventura, California. In this letter, MacKenzie again assured the Butterfields that the debt would be repaid, but acknowledged that she would be unable to meet any request for payment.

In July of 1992, MacKenzie moved to Jackson, Wyoming. In March of 1996 the Butterfields received information from a friend that MacKenzie was living in Jackson, Wyoming. Thereafter, Ms. Butterfield sent two certified

letters to two different Jackson, Wyoming addresses. The first mailing, postmarked June 25, 1996, was addressed to MacKenzie at P.O. Box 0165.[1] This letter was returned as "unclaimed" in late July. The second letter bore a street address and was returned as delivery "attempted" in early August.

On April 25, 1997, the Butterfields filed suit against MacKenzie for the full amount of the loan, plus interest. MacKenzie answered and then filed a motion to dismiss on the basis that the statute of limitations had run. This motion was converted to one for summary judgment, and, following a hearing, the district court granted MacKenzie's motion. Thereafter, the court entered a formal judgment dismissing the Butterfields' complaint with prejudice and awarded MacKenzie her costs and attorney fees. The Butterfields then appealed.

## II.

### STANDARD OF REVIEW

On appeal, we review the district court's ruling on a motion for summary judgment by applying the same standard properly applied by the district court when originally ruling on the motion. *Farmers National Bank v. Shirey*, 126 Idaho 63, 878 P.2d 762 (1994). Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When faced with an appeal from summary judgment, this Court must determine whether the pleadings, depositions, and admissions on file, together with affidavits, show there was no genuine issue as to any material fact, and that the moving party was entitled to judgment as a matter of law. *City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 912 P.2d 106 (1996).

■ Additionally, when a motion for summary judgment has been properly supported with evidence which indicates the absence of a material issue of fact, the non-moving party cannot rest on mere speculation, and must present opposing evidence. *John W. Brown Properties v. Blaine County*, 129 Idaho 740,

742, 932 P.2d 368, 370 (Ct.App.1997). Stated another way, once a motion for summary judgment is supported by a particularized affidavit, the opposing party must set forth "specific facts" showing a genuine issue. *Verbillis v. Dependable Appliance Co.*, 107 Idaho 335, 337, 689 P.2d 227, 229 (Ct.App. 1984).

■ We exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986).

## III.

### ANALYSIS

The basis of the Butterfields' complaint is that MacKenzie breached the terms of the promissory note by failing to pay her obligation of $12,000 plus interest. The note states that interest and principal were due, in the entirety, on April 15, 1990.

Idaho Code Section 5–216 provides that an "action upon any contract, obligation or liability founded upon an instrument in writing" must be brought within five years. However, under I.C. § 5–229, a party may be able to toll this statute of limitations. Section 5–229 provides as follows:

> If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.

The Idaho Supreme Court has interpreted section 5–229 as follows: "[T]his statute tolls the running of a statute of limitations only when the party against whom the claim is made was out of the state and during that time could not have been located for service of process with *reasonably diligent efforts.*" *Tetzlaff v. Brooks*, 130 Idaho 903, 904, 950 P.2d 1242, 1243 (1997) (emphasis added).

---

1. MacKenzie asserts her mailing address was    P.O. Box 165.

MacKenzie's summary judgment motion was based upon her contention that section 5–229 was not available to toll the statute of limitations because the Butterfields did not use reasonable diligence in attempting to locate her for service of process. The district court, after analyzing the Butterfields' affidavit and exhibits, agreed. The court found:

> "Plaintiff's [sic] have not alleged any specific facts regarding their due diligence to locate the whereabouts of Ms. MacKenzie between May of 1991 and June of 1996 as required to toll the statute of limitations on an out of state defendant." *Lipe v. Javelin Tire Co., Inc.*, 96 Idaho 723, 536 P.2d 291 (1971) [(1975)]. Construing Plaintiff's [sic] affidavit in a light most favorable to Plaintiffs, five years has elapsed between efforts to locate Mrs. MacKenzie that could be interpreted as reasonable diligence. Therefore, Defendant's Motion for Summary Judgment based on allegations that the relevant statute of limitations has expired is granted.

■ The district court held that because the Butterfields alleged no specific facts regarding due diligence between May of 1991 (when the Butterfields sent a letter to MacKenzie), and June 25 of 1996 (the next attempted letter contact by the Butterfields), the five-year statute of limitations had run. The promissory note clearly states that all monies were due in full by April 15, 1990. Therefore, the Butterfields' cause of action accrued on April 16, 1990, and the five-year period of limitations prescribed in I.C. § 5–216 may have expired on April 16, 1995, but certainly no later than June 25, 1996, that is five years from MacKenzie's last California letter acknowledging the unpaid debt. *See* I.C. § 5–238; *Dern v. Olsen*, 18 Idaho 358, 110 P. 164 (1910). Accordingly, any action taken by the Butterfields after June 25, 1996, is not relevant to a "reasonably diligent efforts" determination. The issue then becomes whether, during the applicable limitations period, MacKenzie could have been located for service of process with reasonably diligent efforts. *See Lipe v. Javelin Tire*

*Company, Inc.*, 96 Idaho 723, 727, 536 P.2d 291, 295 (1975) ("We hold that if Javelin could have been located for service of process by reasonably diligent efforts, then the statute of limitations was not tolled.").

We direct our focus to actions taken by the Butterfields between April 16, 1990 and June 25, 1996. Of course, the first step is to determine when MacKenzie was actually absent from Idaho. She moved out of state in the fall of 1990, and, according to her affidavit, never again resided in Idaho. Therefore, we must further narrow the inquiry to determine whether the Butterfields exerted reasonably diligent efforts to locate MacKenzie after the fall of 1990.

At some point before May of 1991, MacKenzie sent the Butterfields a letter from California, but the record does not reveal whether it included a return address. The Butterfields then mailed a letter to MacKenzie at a Ventura, California address in May of 1991. This letter was returned, marked "Delivery Attempted Unclaimed."

MacKenzie sent the Butterfields a letter postmarked June 25, 1991 which revealed a different Ventura, California address. The Butterfields' affidavit states that they "made numerous contacts with persons in and around the Sun Valley area in an effort to find out Ms. MacKenzie's whereabouts." The record reveals no further efforts by the Butterfields to contact MacKenzie until June 25, 1996, the last possible day prior to expiration of the limitations period.

Thus, during the relevant time period the Butterfields sent two letters and talked to people around their home town. This does not establish the reasonable diligence required to toll the statute of limitations.[2] The Idaho Supreme Court, in a related albeit different context, has stated that "[a] reasonable and diligent inquiry is one a diligent person, intent upon ascertaining a fact, would ordinarily make; it is an inquiry made with good faith, to ascertain the truth, and to be as full as the circumstances permit." *Gia-*

2. The Butterfields' own affidavit acknowledges receiving information in *March* of 1996 that MacKenzie was living in Wyoming. It goes on to state: "During the spring of 1997, we contacted our current counsel and directed that he file suit. Through his efforts, we were able to locate and serve Ms. MacKenzie in Jackson Hole, Wyoming."

*cobbi v. Hall,* 109 Idaho 293, 297, 707 P.2d 404, 408 (1985). There, the Court held that the county was neither reasonable nor diligent in not following up on obvious leads contained in the county records which would have led to the defendant's out-of-state address.

■ The vast majority of cases hold that a statutory provision tolling the statute of limitations during the time a defendant is absent from the state has a direct reference to the inability of the plaintiff to secure service of process on such defendant. Thus, as long as service of process by some method can be had, the statute is not tolled, notwithstanding a defendant's absence. *See State ex rel. McGhee v. District Ct.,* 162 Mont. 31, 508 P.2d 130, 132 (1973); *Summerrise v. Stephens,* 75 Wash.2d 808, 454 P.2d 224, 227–28 (1969). This principle "works to encourage potential plaintiffs to diligently utilize long-arm provisions, and prevents claims from becoming more stale than necessary by penalizing plaintiffs who do not invoke long-arm procedures." *Jones v. Watson,* 98 Idaho 606, 609, 570 P.2d 284, 287 (1977).

In her affidavit, MacKenzie asserted that after leaving Ventura, California in July of 1992, she resided continuously in Jackson, Wyoming with a given mailing post office box; that she always left a forwarding address when leaving one location or residence and that she had never tried to conceal her identity or whereabouts. The Butterfields undertook no attempt to make contact with MacKenzie from May of 1991 to June 25, 1996. There is nothing in the record to suggest that MacKenzie could not have been located for service of process, under the Idaho long-arm statute (I.C. § 5–514), with reasonably diligent efforts.[3]

Additionally, the district court discounted the Butterfields' contention that they made numerous contacts with persons in the Sun Valley area. The court held that this allegation was "conclusory," and did not establish the specific facts necessary to prove reasonable diligence. Idaho Rule of Civil Procedure 56(e) states that "an adverse party, by

affidavits or otherwise, must set forth *specific facts* showing that there is a genuine issue for trial." (emphasis added). *See also Corbridge v. Clark Equip. Co.,* 112 Idaho 85, 730 P.2d 1005 (1986) (holding that a brief, conclusory affidavit which did not establish specific facts was precisely the type of flawed affidavit contemplated by Rule 56, and thus failed to establish facts sufficient to create a material issue of fact).

## IV.

## CONCLUSION

Accordingly, we affirm the order of summary judgment dismissing the Butterfields' claim based upon the expiration of the relevant statute of limitations. We also affirm the district court's award of attorney fees and costs to MacKenzie. I.C. § 12–120(3). Finally, we award MacKenzie costs on appeal, but not attorney fees, as such was not requested.

LANSING, C.J., and PERRY, concur.

## ON DENIAL OF PETITION FOR REHEARING

PER CURIAM.

■ Appellants, Guy and Mary Butterfield, filed a Petition for Rehearing requesting this Court now consider the application of the six-year statute of limitation found in I.C. § 28–3–118. However, the Butterfields concede that the applicability of this statute was never previously raised in this case. On appeal, neither the Supreme Court nor this Court can consider issues which were not raised before the trial court. *Schiewe v. Farwell,* 125 Idaho 46, 867 P.2d 920 (1993). Therefore, without deciding the merits of this new argument, we hold that it is simply too late in the legal process for the Butterfields to assert a different statute of limitation and raise this issue for the first time on Petition

---

**3.** Constructive service of process, through publication and mailing to a last known address, could be another method of obtaining jurisdiction under the long-arm statute. *See* I.C. §§ 5–508, 5–509 and 5–517.

for Rehearing. Accordingly, the Petition is denied.