# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 36

**OCTOBER TERM, A.D. 2023**

**March 29, 2024**

EMILY FAIRBANKS,

Appellant
(Plaintiff),

v.

HOLLY GALBRAITH,

Appellee
(Defendant).

HOLLY GALBRAITH,

Appellant
(Defendant),

v.

EMILY FAIRBANKS,

Appellee
(Plaintiff).

S-23-0218, S-23-0219

*Appeal from the District Court of Teton County*
*The Honorable Melissa M. Owens, Judge*

*Representing Emily Fairbanks:*
Bret F. King and Spencer B. King, King & King, LLC, Jackson, Wyoming. Argument by Mr. Bret King.

*Representing Holly Galbraith:*
Sean W. Scoggin and Blaine F. Burgess, Williams, Porter, Day & Neville, P.C., Cheyenne, Wyoming. Argument by Mr. Scoggin.

*Before FOX, C.J., and KAUTZ,\* BOOMGAARDEN, GRAY, and FENN, JJ.*

\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2023), he was reassigned to act on this matter on March 27, 2024.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]     These appeals stem from an automobile accident that occurred in Idaho.  Holly Galbraith was driving her vehicle when it crashed, injuring Emily Fairbanks, who was a passenger in the vehicle.  Ms. Fairbanks sued Mrs. Galbraith in Wyoming, alleging Mrs. Galbraith was negligent.  Mrs. Galbraith filed a motion to dismiss, contending the statute of limitations had run before the lawsuit was filed.  The district court allowed limited discovery on the issue, converted the motion to summary judgment, and denied it.  The district court later granted Mrs. Galbraith's next motion for summary judgment in which she argued that collateral estoppel prevented the relitigation of issues of negligence and damages established in a companion case in Idaho.  In appeal No. S-23-0219, Mrs. Galbraith appeals the ruling on the statute of limitations; in appeal No. S-23-0218, Ms. Fairbanks appeals the ruling on collateral estoppel.

[¶2]     We conclude that the statute of limitations had run before Ms. Fairbanks filed her complaint and accordingly reverse the district court's ruling in appeal No. S-23-0219.  We do not reach the merits of appeal No. S-23-0218.

## *ISSUES*

[¶3]     Mrs. Galbraith raises a single issue, which we rephrase:

> 1.  Did the district court properly conclude that Idaho's statute of limitations was tolled, such that Ms. Fairbanks' lawsuit was timely?

Ms. Fairbanks raises the following issues, which we also rephrase:

> 1.  Did the district court err when it allowed Mrs. Galbraith to assert collateral estoppel as an affirmative defense?

> 2.  Does Idaho's statutory cap on noneconomic damages apply to this matter?

Because Mrs. Galbraith's issue is dispositive, we do not reach the issues raised by Ms. Fairbanks.

## *FACTS*

[¶4]     Ms. Fairbanks, a passenger in Mrs. Galbraith's vehicle, sustained severe injuries in a single car accident that occurred in Idaho when Mrs. Galbraith lost control of the vehicle on a snow-packed road.  The vehicle fishtailed, collided with a guardrail, and when the

1

guardrail failed, careened down a 200-foot embankment.  Ms. Fairbanks was 13 years old when the accident occurred.

[¶5]   Ms. Fairbanks filed two lawsuits.  She sued the Idaho Transportation Department in Idaho, and she sued Mrs. Galbraith in Wyoming.  Both Ms. Fairbanks and Mrs. Galbraith are residents of Teton County, Wyoming.

## A.   The Idaho Case

[¶6]   In Idaho, Ms. Fairbanks alleged that the Idaho Transportation Department had negligently failed to maintain the guardrail.  In June 2022, an Idaho jury awarded Ms. Fairbanks damages in the amount of $1,018,409.78—$860,000 in noneconomic damages, and $158,409.78 in economic damages.  The jury apportioned negligence 60% to the State of Idaho and 40% to Mrs. Galbraith, who was not a party to that case.

## B.   The Wyoming Case

[¶7]   In Wyoming, Ms. Fairbanks claimed Mrs. Galbraith was negligent.  Mrs. Galbraith initially filed a motion to dismiss pursuant to W.R.C.P. 12(b)(6), arguing that the Idaho statute of limitations barred Ms. Fairbanks' lawsuit.  The district court converted the motion to dismiss to one for summary judgment and after limited discovery, denied the motion.  Mrs. Galbraith filed a Petition for Writ of Review, which this Court denied.

[¶8]   On July 22, 2019, Mrs. Galbraith filed an answer, listing her affirmative defenses. After several COVID-19 and non-COVID-19 related delays, trial was set for February 27, 2023.  On February 8, 2023, Mrs. Galbraith filed a motion to vacate the trial date and on February 13, 2023, a motion for summary judgment.  She argued that Ms. Fairbanks was collaterally estopped from relitigating issues of negligence and damages and that Idaho's statutory noneconomic damage cap applied.  After a hearing, the trial court entered summary judgment in favor of Mrs. Galbraith.

[¶9]   Both parties appeal.  Ms. Fairbanks argues that collateral estoppel does not apply, the district court erred in allowing Mrs. Galbraith to assert collateral estoppel late in the case, and the Idaho damage cap does not apply.  In cross-appeal, Mrs. Galbraith contends that the district court erred when it concluded that the statute of limitations did not apply. Additional facts relevant to the analysis are discussed below.

## STANDARD OF REVIEW

[¶10]  Both parties are appealing the district court's summary judgment rulings.

> "We review a district court's ruling on summary judgment de
> novo."  *Wilcox v. Sec. State Bank*, 2023 WY 2, ¶ 26, 523 P.3d

277, 284 (Wyo. 2023) (quoting *Statzer v. Statzer*, 2022 WY 117, ¶ 10, 517 P.3d 574, 578–79 (Wyo. 2022)). We give no deference to the district court's ruling, evaluate the same materials, and apply the same standards as the district court. *Id.*

"The record is assessed from the vantage point most favorable to the party opposing the motion, and we give a party opposing summary judgment the benefit of all favorable inferences that may fairly be drawn from the record." *Id.* (quoting *Statzer*, ¶ 10, 517 P.3d at 579). A material fact is one that would establish or refute an essential element of the cause of action or defense asserted by the parties. *Id.* The burdens of the respective parties in supporting or opposing summary judgment are well established:

> The party moving for summary judgment bears the burden of establishing a prima facie case and showing there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Once that burden is met, the opposing party is obligated to respond with materials beyond the pleadings to show a genuine issue of material fact. When the moving party does not have the ultimate burden of persuasion, it establishes a prima facie case for summary judgment by showing a lack of evidence on an essential element of the opposing party's claim.

*Id.* (quoting *Statzer*, ¶ 11, 517 P.3d at 579).

*Falkenburg v. Laramie Inv. Co., Inc.*, 2023 WY 78, ¶¶ 5–6, 533 P.3d 511, 514–15 (Wyo. 2023). "Whether an action is barred by the statute of limitations is a question of law that this Court reviews de novo." *Boutelle v. Boutelle*, 2014 WY 147, ¶ 7, 337 P.3d 1148, 1151, (Wyo. 2014) (quoting *Inman v. Boykin*, 2014 WY 94, ¶ 21, 330 P.3d 275, 281 (Wyo. 2014)).

### DISCUSSION

***Did the district court properly conclude that Idaho's statute of limitations was tolled, such that Ms. Fairbanks' lawsuit was timely?***

[¶11] The accident occurred in Idaho and we apply the Idaho statute of limitations. *See* Wyo. Stat. Ann. § 1-3-117 (LexisNexis 2023) ("If by the laws of the state . . . where the

cause of action arose the action is barred, it is also barred in this state."); *Boutelle*, ¶ 12, 337 P.3d at 1152–53 (When an accident and injuries occur in another state, the cause of action accrues in that state and pursuant to Wyoming's borrowing statute, the statute of limitations to be applied is that of the state where the cause of action accrued.).

[¶12]   Idaho has a two-year statute of limitations for "action[s] to recover damages . . . for an injury to the person[.]"  Idaho Code § 5-219 (2024).  Idaho tolls the statute when the complainant is a minor at the time of the occurrence giving rise to the complaint.  Idaho Code § 5-230 (tolling statute of limitations for a "period of [not] more than six (6) years on account of minority . . .").  Additionally, Idaho tolls the statute for periods of time when a defendant is absent from the state.  Idaho Code § 5-229 provides:

> If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and **if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.**

Idaho Code § 5-229 (2024) (emphasis added).[1]

[¶13]   It is undisputed that the two-year statute of limitations was tolled during Ms. Fairbanks' minority and began to run on her eighteenth birthday, August 14, 2016.  *See* Idaho Code § 32-101 (defining the age of majority to be eighteen years of age).  It is also undisputed that Mrs. Galbraith was absent from the State of Wyoming for a total of 86 days between August 14, 2016, and August 14, 2018.  Ms. Fairbanks filed this lawsuit on August 22, 2018.

[¶14]   Based on its interpretation of Idaho caselaw addressing the tolling of the statute of limitations, the district court ruled that under Idaho Code § 5-229, time was tolled for the days that Mrs. Galbraith was absent from Wyoming.  The district court found:

> 22.   This Court is obligated under *Tetzlaff*[2] to agree with Plaintiff.  Plaintiff has shown that Defendant was out of Idaho [Wyoming] for 86 days during the limitations period and some of those days included international travel.  Those facts are not contested.  Plaintiff has also provided the competent affidavit of her process server who explains the difficulties of using

---

[1] In our application of this statute here we consider days absent from Wyoming, as we are applying Idaho law to this lawsuit brought in Wyoming.
[2] *Tetzlaff v. Brooks*, 950 P.2d 1242, 1243 (Idaho 1997) ("We reaffirm that this statute tolls the running of a statute of limitations only when the party against whom the claim is made was out of the state and during that time could not have been located for service of process with reasonably diligent efforts.").

4

long-arm jurisdiction to serve a party while travelling out of state or out of the country, due to the lack of information regarding travel plans and lodging details that would be needed for services of process.

[¶15]   On appeal, Mrs. Galbraith argues that the district court improperly determined that the statute of limitations was tolled for the time she was out of the state because she was present when the cause of action accrued, and Ms. Fairbanks failed to establish that she exercised reasonable diligence in attempting to locate and serve Mrs. Galbraith.   Ms. Fairbanks contends the district court properly applied Idaho Code § 5-229 and that her lawsuit was timely.

[¶16]   The Idaho courts have examined the application of § 5-229 on several occasions. We note that their interpretation of § 5-229 has evolved and over time the Idaho courts have been more reluctant to toll a statute of limitations when a defendant could be served using Idaho's long-arm statute.   *Compare Lipe v. Javelin Tire Co.*, 536 P.2d 291, 294 (Idaho 1975) ("the purpose of I.C. § 5-229 was to prevent the running of the statute of limitations during the time the defendant was unavailable for service of process because he was absent from the state"), *with Stonecipher v. Stonecipher*, 963 P.2d 1168, 1173 (Idaho 1998) ("Where jurisdiction over a defendant may be had under the 'long-arm statute,' the defendant is not absent from the state within the meaning of I.C. § 5-229."), *and Butterfield v. MacKenzie*, 966 P.2d 658 (Idaho Ct. App. 1998) (holding that sending two letters and inquiring about the defendant's whereabouts did not constitute reasonable efforts sufficient to toll the statute of limitations under I.C. § 5-229).

[¶17]   In *Tetzlaff*, two Idaho residents were involved in an automobile accident.   The plaintiff filed suit two years and seven days after the accident occurred.   *Tetzlaff v. Brooks*, 950 P.2d 1242, 1243 (Idaho 1997).   The defendant moved to dismiss claiming the statute of limitations had run.   *Id.*   The plaintiff contended that "the absent from the state exception" in Idaho Code § 5-229 applied, and because the defendant was out of the state for a total of at least eleven days during the two years following the accident, the lawsuit was timely filed.   *Id.*   The trial court disagreed and dismissed the claim.   *Id.*   The Idaho Supreme Court held that § 5-229 of the Idaho Code "tolls the running of a statute of limitations only when the party against whom the claim is made was out of the state and during that time could not have been located for service of process with reasonably diligent efforts."   *Id.*   Because the plaintiff "made no effort to demonstrate that while [the defendant] was outside the state he could not have been located for service of process with reasonably diligent efforts," the court found the statute had not been tolled and affirmed the dismissal.   *Id.* at 1244.

[¶18]   Following *Tetzlaff*, the Idaho Court of Appeals considered Idaho Code § 5-229 in *Butterfield*.   In that case, Mr. and Mrs. Butterfield loaned money to Ms. MacKenzie. *Butterfield*, 966 P.2d at 659.   The promissory note stated that the loan was "due and payable

5

April 15, 1990." *Id.* In the fall of 1990, Ms. MacKenzie moved to Ventura, California, and never returned to Idaho. *Id.* In May 1991, Mrs. Butterfield wrote to Ms. MacKenzie asking for repayment of the loan. This letter was returned as undelivered. *Id.* A month later, the Butterfields received a letter from Ms. MacKenzie postmarked June 25, 1991, assuring them the loan would be repaid. *Id.* In March 1996, the Butterfields learned that Ms. MacKenzie had moved to Jackson, Wyoming. They, then, sent her two certified letters to two different Jackson mailing addresses. Both letters were returned, for different reasons, one as "unclaimed" and the other as "delivery 'attempted.'" *Id.* at 659–60. On April 25, 1997, the Butterfields sued Ms. MacKenzie seeking recovery of the loan and interest. *Id.* at 660. Ms. MacKenzie filed a motion to dismiss, arguing Idaho's five-year statute of limitations had run. *Id.* The district court converted the motion to one for summary judgment and granted it. *Id.*

[¶19]   The appellate court recognized that "during the relevant time period [from April 16, 1990, to April 16, 1995, but certainly no later than June 25, 1996, five years from the date of Ms. MacKenzie's last letter acknowledging the debt,] the Butterfields sent two letters and talked to people around their home town." *Butterfield*, 966 P.2d at 661. The court concluded that "[t]his does not establish the reasonable diligence required to toll the statute of limitations" under I.C. § 5-229. *Id.* The court reasoned:

> **The vast majority of cases hold that a statutory provision tolling the statute of limitations during the time a defendant is absent from the state has a direct reference to the inability of the plaintiff to secure service of process on such defendant. Thus, as long as service of process by some method can be had, the statute is not tolled, notwithstanding a defendant's absence.** *See State ex rel. McGhee v. District Ct.*, 162 Mont. 31, 508 P.2d 130, 132 (1973); *Summerrise v. Stephens*, 75 Wash. 2d 808, 454 P.2d 224, 227–28 (1969). This principle "works to encourage potential plaintiffs to diligently utilize long-arm provisions, and prevents claims from becoming more stale than necessary by penalizing plaintiffs who do not invoke long-arm procedures." *Jones v. Watson*, 98 Idaho 606, 609, 570 P.2d 284, 287 (1977).

> In her affidavit, MacKenzie asserted that after leaving Ventura, California in July of 1992, she resided continuously in Jackson, Wyoming with a given mailing post office box; that she always left a forwarding address when leaving one location or residence and that she had never tried to conceal her identity or whereabouts. The Butterfields undertook no attempt to make contact with MacKenzie from May of 1991 to June 25,

6

1996. There is nothing in the record to suggest that MacKenzie could not have been located for service of process, under the Idaho long-arm statute (I.C. § 5-514), with reasonably diligent efforts.

*Butterfield*, 966 P.2d at 662 (emphasis added).

[¶20]  To toll the statute of limitations, *Tetzlaff* and *Butterfield* require more than absence from the state.  A plaintiff must also prove that reasonable efforts were made to locate a defendant and that service of process could not have been accomplished.

[¶21]  The record here establishes that Ms. Fairbanks made no effort to locate Mrs. Galbraith during the relevant time period.  In her answer to interrogatories, Mrs. Galbraith indicated she was absent from the State of Wyoming for a total of 86 days during the limitations period.  Approximately 16 of those days included international travel to Turkey, Israel, Jordan, and Egypt.  In his affidavit, Mr. Bontecou, a private investigator and process server, testified as follows:

> Based on my experience trying to effect service of process on an individual who travels as extensively as the Defendant and her family does can be at best logistically difficult and often prohibitively expensive.
>
> Trying to effect service of process on a Defendant who is traveling is simply not practical.  As process servers we do not have legal access to travel information such as plane reservations, car rental or hotel reservations.  Trying to serve the Defendant during their trips out of state would have been impossible.
>
> Trying to effect service during their overseas travel of course would have been equaly [sic] impossible.  In addition to not having access to travel information such as plane reservations, car rental or hotel reservations we do not have access to passport and State Department records that may provide certain travel information.  Even if we did have specific travel information, trying to effect service on a U.S. citizen in a foreign country is time consuming and could not be accomplished during the short time that the Defendant was in Egypt, Israel, Turkey and Jordan.

Our review of Idaho law leads us to conclude that general evidence of potential difficulties of service, absent any effort to locate the defendant, is insufficient to toll the statute of

7

limitations. Mr. Bontecou's affidavit falls short. It is an after-the-fact look at Mrs. Galbraith's absences and addresses only generalized difficulties of serving a party absent from the state. It does not reflect any actual effort to locate or serve Mrs. Galbraith. Accordingly, under Idaho law, the statute of limitations was not tolled while Mrs. Galbraith was absent from Wyoming. It ran on August 14, 2018, two years after Ms. Fairbanks' eighteenth birthday. The Complaint, filed on August 22, 2018, was not timely.

## *CONCLUSION*

[¶22] Because Ms. Fairbanks made no effort to locate Mrs. Galbraith during the time Mrs. Galbraith was out of the state, the statute of limitations was not tolled. Ms. Fairbanks' lawsuit was time-barred. We reverse the district court's decision denying Mrs. Galbraith's motion for summary judgment.