646 P.2d 419

George E. PITTAM, Plaintiff-Appellant,

v.

John H. MAYNARD, District Judge, Defendant-Respondent.

No. 14101.

Supreme Court of Idaho.

June 10, 1982.

---

George E. Pittam, pro se.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Thomas C. Frost, Deputy Atty. Gen., Boise, Idaho, for defendant-respondent.

PER CURIAM:

Appellant George E. Pittam filed a second amended information in the district court of the Second Judicial District on January 16, 1981, in which the appellant identified himself as a "Citizen Prosecutor." The information alleged "[t]hat [Judge] John M. Maynard did knowingly, wilfully and in bad faith, refuse and neglect to perform the official duties of his office and collected his salary illegally for services purportedly rendered, in violation of Article 1, Section 18 and Article 5, Section 17, Idaho State Constitution." The information then set out twelve specific alleged statutory or constitutional violations allegedly caused by Judge Maynard. Appellant cited I.C. §§ 19–102(1), 19–301, 19–902, and 19–4115, the summary procedure for removal of civil officers, as authority for the information filed.

The other district judges of the Second District having disqualified themselves, the Idaho Supreme Court appointed Judge James G. Towles on February 12, 1981, "for the purpose of disposing of all preliminaries and other motions, matters and proceedings, and of presiding over the trial, if any, and final disposition of the above-entitled cause . . . ." Judge Towles, on February 23, 1981, without requiring the appearance of Judge Maynard or hearing any evidence on the matter, determined, *sua sponte*, that the district court was without jurisdiction or authority to issue a citation to appear to a district judge or supreme court justice as a named defendant under I.C. § 19–4115, and without jurisdiction to consider matters under I.C. § 19–4115 where a judicial officer is sought to be removed. The court ordered that the action be dismissed and that the appellant be enjoined from filing any further proceedings under I.C. § 19–4115 against any judicial officer of the State of Idaho. Appellant appeals.

If the district court was without subject matter jurisdiction to remove an elected district judge from office pursuant to I.C. § 19–4115, then the action of District Judge Towles in dismissing the action, *sua sponte*, was correct. *See Wellard v.*

*Wellard*, 97 Idaho 197, 541 P.2d 621 (1975); *Robinson v. Robinson*, 70 Idaho 122, 212 P.2d 1031 (1949).

Assuming, without deciding, that I.C. § 19–4115 applies to a district judge, the issue which we must decide is whether the people of this state, by adopting Article 5, Section 28, of the Idaho Constitution in 1968, relating to the removal from office of justices and judges,[1] and the legislature by enacting I.C. §§ 1–2102 and –2103, 1967 Idaho Sess. Laws, ch. 67, §§ 2, 3, intended to preempt any earlier statutory method of removal of judges of the district court. Judge Towles concluded that they did and dismissed appellant's petition. We agree and affirm the district court's decision.

■ The method of appointment and removal of district judges set out in chapter 21 of Title 1, Idaho Code, is far too comprehensive, and the aims of that chapter are much too inconsistent with the provisions of I.C. § 19–4115, to permit both to stand. Accordingly we hold that the provisions of I.C. § 19–4115, which was originally enacted in 1887, R.S. § 7459, to the extent that they did apply to district judges, were impliedly repealed by the adoption of Art. 5, § 28, of the Idaho Constitution, and enactment of chapter 21, Title 1, of the Idaho Code.

■ Appellant further alleges on appeal that the district court abused its authority in entering its order enjoining appellant from filing any further proceedings under I.C. § 19–4115 against *any* judicial officer of the state of Idaho. The courts of the state of Idaho have authority to enjoin persons engaged in a manifest abuse of the judicial process, *Eismann v. Miller*, 101 Idaho 692, 619 P.2d 1145 (1980); *see J. I. Case Co. v. McDonald*, 76 Idaho 223, 280 P.2d 1070 (1955). The record here indicates only the filing of this action and no *per se* abuse

of process, as was the circumstance in *Eismann v. Miller, supra.* We are not privy to the district court records of the Second Judicial District as Judge Towles may have been. If Judge Towles' action was predicated on such knowledge, the record before us does not so indicate, and counsel for the respondent does not urge that point in either brief or argument. We must base our decision on the record before us, which does not disclose any abuse of process as in *Miller, supra.* Hence the injunction is set aside.

The judgment of the district court dismissing petitioner's information, as modified by striking the injunction against appellant, is affirmed. No costs allowed.

BISTLINE, Justice, concurring in the result.

Because my own study of Idaho history and case law convinces me that I.C. § 19–4115, originally enacted by the territorial legislature in 1887 and first codified as R. S. 7459, is inapplicable to state officials, a district judge being such,[1] and that that section never applied to the territorial judges, attorneys general, or governors, I have not joined the Court's opinion, but concur in the holding that constitutional provisions for removal of judges or proceedings initiated through the judiciary do provide the appropriate avenues for the relief which Mr. Pittam is seeking.

---

1. "[Art. 5] § 28. REMOVAL OF JUDICIAL OFFICERS.—Provisions for the retirement, discipline and removal from office of justices and judges shall be as provided by law."

1. In *Rankin v. Jauman*, 4 Idaho 53, 61, 36 P. 502, 504 (1894), with Hawley & Reeves for appellant and George Ainslie and W. E. Borah for respondent, it was stated:

"The constitution makes provisions for the removal of state officers by impeachment, and leaves the proceedings for the removal of other civil officers to be provided for by the legislature."