967 P.2d 278

**Robert L. & Iva CHAPPLE, Koreen Morgan, Robert D. Chapple & John Chapple, Karen Brian & Kerri Hill, Plaintiffs–Appellants,**

v.

**MADISON COUNTY OFFICIALS: Sid Brown—Prosecutor & Asst. Kip Manwaring; Beth Reese—Clerk & Recorder & Deputy—Nancy Steele; Gregg Moffat—Sheriff; County Commissioners Passey & Jeppeson, Defendants–Respondents.**

No. 22951.

Supreme Court of Idaho,
Idaho Falls, May 1998 Term.

Oct. 22, 1998.

Robert L. Chapple, Iva M. Chapple, Koreen Morgan, Robert D. Chapple, Bradley L. Chapple, John C. Chapple, Karen Brian, and Kerri Hill, Rexburg, pro se. Robert L. Chapple and Koreen Morgan argued on their own behalf.

Hamlin & Sasser, Boise, for respondents. David Sasser argued.

TROUT, Chief Justice.

This is an appeal from the district court's order dismissing the plaintiffs' cause of action with prejudice on the basis that the district court lacked subject matter jurisdiction. We affirm the district court's order.

## I.

## BACKGROUND

On February 29, 1996, members of the Chapple family (collectively referred to as "the Chapples") filed an action to remove certain public officials from office pursuant to I.C. § 19–4115.[1] In support of the action, the Chapples alleged that two Madison County commissioners, the Madison County Sheriff, the Madison County Prosecutor, a Madison County deputy prosecuting attorney, the Madison County Recorder, and a Madison County deputy recorder (collectively referred to as "the Madison County officials") should be removed from office due to their "neglect and refusal to perform official duties which are clearly required by law." These allegations stem from the Madison County officials' involvement in the seizure of the Chapples' property pursuant to a tax lien by the Internal Revenue Service.

The Chapples filed numerous documents with the district court seeking the disqualification of the Madison County officials' attorney, David Sasser, and his law firm, Hamlin & Sasser, claiming the existence of a conflict of interest. In a hearing at which both parties were present, the district court raised *sua sponte* the issue of whether it had subject matter jurisdiction to hear the Chapples' action. The district court posed to the par-

ties the question of whether I.C. § 19–4115 was impliedly repealed by Article VI, Section 6, of the Idaho Constitution and Title 34, Chapter 17, of the Idaho Code.

On June 11, 1996, the district court denied the Chapples' motion for disqualification. That same day, the district court dismissed the Chapples' cause of action with prejudice, finding that I.C. § 19–4115 had been impliedly repealed, and thus, the district court lacked subject matter jurisdiction. The district court imposed sanctions upon the Chapples pursuant to I.R.C.P. 11(a)(1), in the manner of the Madison County officials' costs and attorney's fees associated with the motion for disqualification.

## II.

## SUBJECT MATTER JURISDICTION

### A. *Standard of Review*

■ The issue of whether a district court has subject matter jurisdiction is a question of law, over which we exercise free review. *See Downey Chiropractic Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 285, 900 P.2d 191, 193 (1995).

### B. *Implied Repeal of I.C. § 19–4115*

On appeal, the Chapples challenge the district court's dismissal of their cause of action with prejudice. The district court determined that it lacked subject matter jurisdiction, finding that I.C. § 19–4115 was impliedly repealed by Article VI, Section 6, of the Idaho Constitution and Title 34, Chapter 17, of the Idaho Code. Section 19–4115, which was originally enacted in 1887 as Revised Statutes Section 7459, provides for a summary proceeding to remove from office a civil officer who has "knowingly, wilfully, and corruptly or in bad faith, refused or neglected to perform the official duties pertaining to his office...." In 1912, the Idaho Constitution was amended to add Article VI, Section 6, which provides:

---

1. While the complaint alleges twenty-five "causes of action," it is clear from reading the complaint that each cause of action is merely additional allegations of fact supporting the Chapples' claim

for relief under I.C. § 19–4115. Thus, the only issue below and on appeal relates to that single statutory provision.

Every public officer in the state of Idaho, excepting the judicial officers, is subject to recall by the legal voters of the state or of the electoral district from which he is elected. The legislature shall pass the necessary laws to carry this provision into effect.

In 1933, pursuant to Article VI, Section 6, the Idaho Legislature enacted Title 34, Chapter 17, of the Idaho Code, detailing the procedure for recall elections of certain public officers, including the members of the board of county commissioners, sheriff, treasurer, assessor, prosecuting attorneys and clerk of the district court.

 If an inconsistency exists between an earlier enactment and a later enactment, such that the legislature could not have intended the two statutes to operate contemporaneously, we will imply that the legislature intended to repeal the earlier enactment by the later enactment. *State v. Davidson,* 78 Idaho 553, 559, 309 P.2d 211, 215 (1957) (citations omitted). However, the repeal of a statute by implication is disfavored in the law, and thus, we will not declare a statute to be impliedly repealed if there is any other reasonable construction of the statutes. *Tetzlaff v. Brooks,* 130 Idaho 903, 904, 950 P.2d 1242, 1243 (1997) (citing *State v. Martinez,* 43 Idaho 180, 187, 250 P. 239, 240 (1926)). In other words, we will find an implied repeal of a statute "[o]nly when new legislation is irreconcilable with and repugnant to a preexisting statute." *Id.* (quoting *Doe v. Durtschi,* 110 Idaho 466, 478, 716 P.2d 1238, 1250 (1986)). In *Tetzlaff,* the Court applied the following analysis in determining whether there had been an implied repeal:

> To effect an implied repeal of one statute by another they must both relate to the same subject and have the same object or purpose. Where there is a difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed. Where the evils which an act is designed to remedy are different from those for which a prior act provides, the prior act is not repealed.

*Id.* at 904–05, 950 P.2d at 1243–44 (quoting *Curtis v. Canyon Highway Dist. No. 4,* 122 Idaho 73, 78, 831 P.2d 541, 546 (1992), *over-*

*ruled on other grounds by Lawton v. City of Pocatello,* 126 Idaho 454, 462, 886 P.2d 330, 338 (1994)).

We have previously addressed the issue of implied repeal as it relates to I.C. § 19–4115, and its predecessor, Revised Statutes Section 7459. *See Pittam v. Maynard,* 103 Idaho 177, 646 P.2d 419 (1982); *Hodges v. Tucker,* 25 Idaho 563, 138 P. 1139 (1914). In *Hodges,* the Court considered whether the district court possessed subject matter jurisdiction to remove the Boise City Mayor from office pursuant to section 7459, for the mayor's failure "to enforce certain ordinances of Boise City relative to the keeping and maintaining of bawdyhouses." *Hodges,* 25 Idaho at 568–69, 138 P. at 1140. The Court compared section 7459 with the provisions of the "Black law," which was chapter 82 of the Laws of 1911, providing for the removal of elected officers by recall. The Court found that section 7459 was a general statute adopted prior to the constitution and was inconsistent with the specific provisions of the Black law because of the different penalties imposed under the two statutory schemes. The Court held that the Black law was intended to provide "a system complete within itself" and where it provided for the method and means of removal of an elected officer, it must have been intended to be the exclusive remedy for the removal of elected officers in municipalities. *Id.* at 579, 138 P. at 1144. Thus, section 7459 would not provide a remedy for the removal of the Boise City mayor.

In *Pittam,* the Court considered whether the district court possessed subject matter jurisdiction to remove an elected district judge from office pursuant to I.C. § 19–4115. The Court found that, to the extent I.C. § 19–4115 (enacted originally in 1887) applied to district judges, it was impliedly repealed by the adoption in 1968 of Article V, Section 28, of the Idaho Constitution and the provisions of I.C. §§ 1–2102 and 1–2103, which relate to the removal of judges from office. *Pittam* provides that "[t]he method of appointment and removal of district judges set out in chapter 21 of Title 1, Idaho Code, is far too comprehensive, and the aims of that chapter are much too inconsistent with the provisions of I.C. § 19–4115, to permit

both to stand." 103 Idaho at 179, 646 P.2d at 421.

■ While *Pittam* and *Hodges* are not directly on point, they clearly indicate that when there is a constitutional provision or statute providing a comprehensive scheme for the removal or recall of judges or elected officials, that provision or statute controls over I.C. § 19–4115. We believe that the method for the recall of elected officials set out in Article VI, Section 6 of the Idaho Constitution, and carried out by the legislature in Chapter 17 of Title 34, "is far too comprehensive, and the aims of that chapter are much too inconsistent with the provisions of I.C. § 19–4115, to permit both to stand." Thus, we find that I.C. § 19–4115 was impliedly repealed by Article VI, Section 6, of the Idaho Constitution and Title 34, Chapter 17, of the Idaho Code. The district judge was correct in concluding that he had no authority to proceed with the Chapples' complaint against the Madison County officials under I.C. § 19–4115.

## III.

## SANCTIONS

### A. *Standard of Review*

■ In determining whether a district court's imposition of Rule 11 sanctions is proper, we apply an abuse of discretion standard. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). The application of the abuse of discretion standard requires that we determine: "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Id.* (citing *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989)).

### B. *I.R.C.P. 11(a)(1)*

Pursuant to I.R.C.P. 11(a)(1), the district court ordered the Chapples to pay the Madison County officials the sum of $2,500.00, constituting the Madison County officials' costs and attorney's fees incurred in their defense of the Chapples' motion for disqualification. The Chapples assert that the district court abused its discretion in imposing sanctions upon them pursuant to I.R.C.P. 11(a)(1). The Madison County officials argue that the district court's imposition of sanctions was proper because the motion for disqualification was without merit, and was brought for the purpose of harassing the defendants.

Pursuant to I.R.C.P. 11(a)(1), pleadings, motions, and other papers signed by an attorney, or a party not represented by an attorney, must meet certain criteria, and failure to meet such criteria will result in the imposition of sanctions. *See Durrant v. Christensen,* 117 Idaho 70, 74, 785 P.2d 634, 638 (1990). Rule 11(a)(1) requires that pleadings be: (1) well grounded in fact; (2) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (3) not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increases in the costs of litigation. *Riggins v. Smith,* 126 Idaho 1017, 1021, 895 P.2d 1210, 1214 (1995) (citing I.R.C.P. 11(a)(1)). In evaluating an attorney's conduct in filing a pleading, the district court must determine "whether the attorney exercised reasonableness under the circumstances and made a proper investigation upon reasonable inquiry into the facts and legal theories before signing and filing the document." *Id.* (citations omitted).

■ In its order denying the Chapples' motion for disqualification, the district court made the following findings:

1. The Plaintiffs failed to meet any of the criteria for disqualification identified by the Court of Appeals in *Weaver v. [Millard] Mallard,* 120 [Idaho] 692 [819 P.2d 110] (1991). The Plaintiffs herein have the burden of establishing that there is a basis for a requested disqualification. Based upon of [sic] the information in the record regarding this issue[,] I find that the Plaintiffs have not met their burden.

2. I find that the Plaintiffs will not be damaged in any way or prejudiced by this Court's denial of this Motion.

3. I find that there is no actual legal or factual conflict, nor is there the appearance of a conflict.

4. I also find that there is no possibility of any suspicioned conflict accruing in this case as a result of Mr. Sasser or his law firm's continued involvement in representing the Defendants.

5. Finally, it is my finding that this Motion was brought and pursued by the Plaintiffs for the sole purpose of harassing the Defendants and I specifically find that this Motion is totally without merit, was not brought in good faith and is totally without any foundation.

It is clear from the ruling that the district court understood that there was discretion involved in considering the imposition of sanctions. By referring to the provisions of Rule 11, the district court demonstrated that it was acting within the boundaries of its discretion and consistently with the applicable legal standards. The court's findings then demonstrate the exercise of reason in reaching the conclusion that an award of sanctions was appropriate. Because the district court found that the Chapples' motion was not grounded in fact or warranted by existing law, and was interposed for the sole purpose of harassing the Madison County officials, the district court did not abuse its discretion in imposing sanctions upon the Chapples pursuant to I.R.C.P. 11(a)(1).

## IV.

### ATTORNEY'S FEES

A. *The Chapples*

■ The Chapples claim that they are entitled to an award of attorney's fees on appeal. Even if the Chapples were the prevailing party on appeal, we will not award fees to a party appearing *pro se. Curtis v. Campbell,* 105 Idaho 705, 672 P.2d 1035 (1983).

B. *The Madison County Officials*

■ The Madison County officials contend that they are entitled to an award of attor-

ney's fees on appeal pursuant to I.C. § 12–121. Attorney's fees may not be awarded under I.C. § 12–121 unless "all claims brought or all defenses asserted are frivolous and without foundation." *Management Catalysts v. Turbo West Corpac, Inc.,* 119 Idaho 626, 630, 809 P.2d 487, 491 (1991). The Chapples' claim that I.C. § 19–4115 was not impliedly repealed was not frivolous and without foundation as this Court has not previously decided this issue in this particular context. Because not all of the Chapples' claims were frivolous and without foundation, we will not award the Madison County officials attorney's fees under I.C. § 12–121.

■ However, we will award attorney's fees on appeal under I.A.R. 11.1 with respect to the motion for disqualification. We agree with the district court's holding that the motion for disqualification was frivolous and intended simply to harass the defendants. On appeal the Chapples were simply asking this Court to review a discretionary ruling by the district court on an issue that had no merit. Thus, we find that the Chapples' appeal of this holding was likewise frivolous. We award the Madison County officials attorney's fees on appeal only with respect to the motion for disqualification.

## V.

### CONCLUSION

We affirm the district court's order dismissing the Chapples' cause of action with prejudice on the basis that the district court lacked subject matter jurisdiction. We award the Madison County officials attorney's fees on appeal only with respect to the issue of the motion for disqualification. We also award costs on appeal to the Madison County officials.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.