67 P.3d 90

**William D. GRAHAM, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant–Respondent.**

No. 28095.

Supreme Court of Idaho, Boise, December 2002 Term.

April 3, 2003.

Hamilton Michaelson & Hilty, Nampa, for appellant. Terry M. Michaelson argued.

Elam & Burke, PA, Boise, for respondent. Jeffrey A. Thomson argued.

612

SCHROEDER, Justice.

William G. Graham (Graham) seeks a ruling that a tort victim who has obtained a judgment against the tortfeasor can bring a direct action against the tortfeasor's insurance carrier for breach of good faith and fair dealing concerning the insurance carrier's conduct. The district court granted summary judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm) and awarded State Farm attorney fees. Graham also appeals the award of attorney fees.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Sarah Mohr backed out of her driveway in front of Mathew Graham, and they collided. Mathew Graham's car was owned by William Graham and Sarah Mohr's car was owned by Deme and Thomas Mohr. The Mohr's vehicle was insured by State Farm.

Graham made a claim for damages. State Farm denied liability and refused payment. Graham sued in small claims court, lowering the amount of his claim to meet the jurisdictional requirement. The hearing resulted in an apportionment of 70% of the negligence to the Mohrs and 30% to Graham, resulting in a $2,100 judgment and $55 in costs for Graham. State Farm appealed the case, and a trial de novo was held. Graham increased his claim for damages to the amount actually sustained. The jury found in favor of Graham, apportioning 75% of the negligence to Mohr and 25% to Graham who then received $2,602.50.

Graham filed a complaint against State Farm alleging breach of the duty of good faith and fair dealing that State Farm owed him as a third-party judgment creditor. Graham based this claim on the assertion that it cost more money to appeal the insurance case from the small claims court than to pay the judgment. Additionally, only $25 of attorney fees could be recovered from small claims court, underscoring the unreasonableness of State Farm's actions. Graham claims that State Farm appealed the case to punish him for his success, stripping him of the

value of the award through mounting attorney fees.

The district court ruled in favor of State Farm on its motion for summary judgment, concluding that in Idaho there is no direct action by a third-party plaintiff against an insurance carrier. The district court also determined that this law has been clearly settled for some time, and that Graham acted unreasonably and without foundation in bringing the motion, especially since State Farm's attorney supplied Graham's counsel with the controlling authorities before the suit, notably the cases of *Hettwer v. Farmers Insurance. Co.,* 118 Idaho 373, 797 P.2d 81 (1990), and *Idaho State Insurance Fund v. Van Tine,* 132 Idaho 902, 980 P.2d 566 (1999). The district court stated these cases "clearly hold that there is no direct action against a third-party tortfeasor's insurance carrier, and that the injured party is not a third-party beneficiary of the insured tortfeasor's policy." The district court awarded attorney's fees pursuant to Idaho Code § 12–121 and Rule 54(e) of the Idaho Rules of Civil Procedure in the amount of $7,592. This appeal followed.

## II.

## STANDARDS OF REVIEW

### A. The Motion For Summary Judgment

When appealing a motion for summary judgment, this Court uses the same standard used by the district court in disposing of the case. *Kelso v. Lance,* 134 Idaho 373, 374–75, 3 P.3d 51, 52–53 (2000). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court exercises free review as to matters of law. *Bouten Constr. Co. v. H.F. Magnuson Co.,* 133 Idaho 756, 760, 992 P.2d 751, 755 (1999). There are no issues of material fact in this case.

## B. The Award Of Attorney Fees

Attorney fees are awarded in the sound discretion of the trial court, and the party refuting the award must show an abuse of discretion by the trial court. *Anderson v. Ethington*, 103 Idaho 658, 660, 651 P.2d 923, 925 (1982). The test for abuse of discretion concerns whether the trial court correctly perceived the issue as one of discretion, acted within the boundaries of its discretion consistent with the legal standards applicable to the specific choices available to it, and whether the trial court reached its decision by an exercise of reason. *See Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## III.

### THE DISTRICT COURT CORRECTLY RULED THAT THIRD PARTIES CANNOT SUE AN INSURANCE COMPANY FOR BAD FAITH AND UNFAIR DEALING AFTER THE THIRD PARTY HAS OBTAINED A JUDGMENT AGAINST THE POLICY HOLDER

In *Pocatello Industrial Park Co. v. Steel West, Inc.*, 101 Idaho 783, 621 P.2d 399 (1980), a landlord's insurance carrier sued the tenant's insurance carrier to pay for the injuries suffered by one of the tenant's employees while on the premises. The Court stated that, "It is well established that absent a contractual or statutory provision authorizing the action, an insurance carrier cannot be sued directly and cannot be joined as a party defendant." 101 Idaho at 791, 621 P.2d at 407. This rule has since been upheld under various factual situations. *See Downing v. Travelers Ins. Co.*, 107 Idaho 511, 691 P.2d 375 (1984) (wife of deceased train engineer, who did not establish her right to any death benefits under collective bargaining agreement, could not maintain direct action against insurer on theory that she was a third-party beneficiary under a group policy providing coverage for liability imposed upon railroad companies by various collective bargaining agreements). Third-party claims for breach of good faith and fair dealing were specifically brought under the rationale of *Pocatello Industrial Park* in *Hettwer v. Farmers Insurance Co.*, in which the Hettwers attempted to join the insurer of the tortfeasors to the litigation for its alleged intentional delay of payment of the claim. The Court rejected the claim, stating that an action for bad faith against an insurance carrier, as it was first announced in *White v. Unigard Mutual Insurance*, 112 Idaho 94, 730 P.2d 1014 (1986), would not be extended to third-party claimants. *Hettwer*, 118 Idaho at 373–74, 797 P.2d at 81–82. Subsequently, in *Idaho State Insurance Fund v. Van Tine*, this Court held that an employee of the Idaho Department of Transportation could not sue the Department's surety for bad faith in dealing with Van Tine's injuries because he was a third party to the relationship of the insured and insurer, stating:

> In the present case, the first party insured of the SIF is the Idaho Department of Transportation, not Van Tine. Thus, because Van Tine is a third party claimant, even out of the context of the worker's compensation law, he would not be able to maintain a bad faith action against the SIF.

132 Idaho at 908, 980 P.2d at 572.

In *Hettwer*, the Court noted that the Maryland Court in *Bean v. Allstate Insurance Co.*, 285 Md. 572, 403 A.2d 793 (1979), had considered the narrow question of whether the recovery of a judgment in a personal injury suit would allow an action against the insurer—although there it was for the amount of the judgment exceeding the policy limits—and decided the point in the negative unless there was specific statutory authorization. *Hettwer*, 118 Idaho at 374, 797 P.2d at 82; *see also Bean*, 403 A.2d at 793–96. The *Hettwer* Court concurred with *Bean*, stating, "This holding is consistent with our decisions on the question." *Hettwer*, 118 Idaho at 374, 797 P.2d at 82.

Graham argues that Idaho Code section 41–1839(3) provides authorization for his claim against State Farm. Section 41–1839(3) excludes costs and attorney fees in insurance claims involving workers compensation and fidelity insurance "unless the liability of the principal has been acknowledged by him in writing or otherwise established by judgment

**614**

of a court of competent jurisdiction." I.C. § 41–1839(3) is not relevant to the issue in this case. Graham also relies on language in *Downing* where the court stated:

Appellant should not be allowed to sue the insurance company directly any more than a tort victim injured in an automobile accident should be able to directly sue the insurance carrier of the tortfeasor without having first proved a claim against the tortfeasor individually.

107 Idaho at 514–515, 691 P.2d at 378–79. In context, this statement does not establish Graham's position. The controversy in the *Downing* case was one of a "direct action of an employer against an insurer, by a party not a party to the insurance contract," and it did not concern a third-party with a judgment. *Id.* at 514, 691 P.2d at 378. The point on which the court disposed of the case was the fact that the plaintiff had attempted to bring an action "without first establishing entitlement to any death benefits under the collective bargaining agreement, appellant is attempting to circumvent the requirement that she establish a right under the death benefit provision of the collective bargaining agreement." *Id.* at 514, 691 P.2d at 378. *Downing* was decided prior to *White v. Unigard* and cannot be read to establish the right of a third party to bring an action for the breach of good faith and fair dealing against the tortfeasor's insurance company. In Idaho there is no such right.

## IV.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN AWARDING ATTORNEY FEES

■ The district court awarded attorney fees against Graham on the basis that the issue had been clearly decided, finding that Graham's claim was unreasonable and without foundation. The district court determined there was no "indication that judgment creditors occupied some different status than the injured parties in *Hettwer* and *Van Tine*" and that out-of-state authority relied upon by Graham was not persuasive. Pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(3) the district court awarded attorney fees finding that the "questions raised were not novel; in fact they were governed by clear Idaho precedent." The record supports the findings of the district court. There was no abuse of discretion in awarding fees.

## V.

## STATE FARM IS AWARDED ATTORNEY FEES ON APPEAL

State Farm claims attorney fees under I.C. § 12–121 on the grounds that this case was without foundation. The Court agrees. The law is well-settled in this area, and there is no compelling reason to reconsider the Court's prior decisions.

## VI.

## CONCLUSION

The decision of the district court is affirmed. State Farm is awarded costs and attorney fees on appeal.

Chief Justice TROUT, Justices WALTERS and EISMANN concur.

Justice KIDWELL, concurring in opinion, except dissenting on the award of attorney fees.