IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 38761

| | | |
|---|---|---|
| CHRISTINA BROOKSBY, | ) | |
| | ) | **Twin Falls, August 2012 Term** |
| Plaintiff-Appellant, | ) | |
| | ) | **2012 Opinion No. 126** |
| v. | ) | |
| | ) | **Filed: September 17, 2012** |
| GEICO GENERAL INSURANCE COMPANY, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

The district court's grant of motion to dismiss is <u>affirmed</u>. Costs on appeal are awarded to Respondent.

Gordon Law Firm, Inc., Idaho Falls, attorneys for Appellant. Brent Gordon argued.

Duke, Scanlan and Hall, PLLC., Boise, attorneys for Respondent. Kevin S. Scanlan argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Christina Brooksby ("Brooksby") demanded payment from GEICO General Insurance Company ("GEICO"), the liability insurer of her father, Craig Brooksby ("Father"), alleging that Father negligently injured her by crashing the car in which she was riding. After GEICO refused Brooksby's demand pursuant to an exclusion in its insurance policy with Father, Brooksby sued GEICO for a declaratory judgment establishing coverage. The district court dismissed Brooksby's Complaint for lack of standing, holding that (1) Idaho has no common-law direct-action rule that would give an injured third party standing to sue her tortfeasor's insurer absent

some statutory or contractual authorization, and (2) Idaho's Uniform Declaratory Judgment Act[1] does not confer standing where it does not otherwise exist. Brooksby appeals to this Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Brooksby's Complaint alleges that in December 2007 she was traveling with Father in Bonneville County. Father allegedly lost control of the car, causing a single-vehicle accident in which Brooksby was ejected from the car and injured. At the time of the accident, Father held an automobile insurance policy (the "Policy") with GEICO. Brooksby made a claim against GEICO, which GEICO denied under the Policy's "household exclusion" clause. In December of 2009, Brooksby filed suit against Father in Bonneville County Case No. CV-09-7120.[2] But, rather than pursuing that lawsuit, Brooksby filed the instant action against GEICO in which she seeks a declaratory judgment establishing coverage under the Policy, including a determination that Idaho law prohibits the household exclusion.

In December 2010 GEICO filed a Motion to Dismiss pursuant to Idaho Rule of Civil Procedure 12(b)(6), arguing that Brooksby lacked standing and therefore failed to state a claim upon which relief could be granted. After briefing and oral argument from the parties, the district court granted GEICO's motion. The court first noted Idaho's longstanding rule that an injured party has no direct cause of action against her tortfeasor's liability insurer absent some statutory or contractual authorization. According to Brooksby, this rule barred her only from seeking money damages, as opposed to declaratory relief. However, the district court observed that Idaho's Uniform Declaratory Judgment Act does not create standing where it does not otherwise exist. After the district court entered a final judgment, Brooksby timely appealed to this Court, arguing that the district court erred by dismissing her Complaint. We affirm.

## III. ISSUE ON APPEAL

The sole issue on appeal is whether the district court erred in granting GEICO's Motion to Dismiss under Idaho Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.

## IV. Standard of Review

---

[1] I.C. §§ 10-1201 to -1217.
[2] Brooksby initially named a different GEICO-related entity as a defendant in that suit, but later voluntarily dismissed that party.

This Court reviews de novo a district court's dismissal of a complaint under Idaho Rule of Civil Procedure 12(b)(6). *Hoffer v. City of Boise*, 151 Idaho 400, 402, 257 P.3d 1226, 1228, (2011) (citing *Taylor v. McNichols*, 149 Idaho 826, 832, 243 P.3d 642, 648 (2010)).

> The Court on appeal must determine whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief. The Court must draw all reasonable inferences in favor of the non-moving party. After drawing all inferences in favor of the non-moving party, the Court then examines whether a claim for relief has been stated.

*Id.* at 402, 257 P.3d at 1228 (citations, quotation marks, and alteration omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims." *Taylor*, 149 Idaho at 832, 243 P.3d at 648 (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672–73, 183 P.3d 758, 760–61 (2008)).

### V. ANALYSIS

**The District Court Correctly Granted GEICO's Motion to Dismiss Because Brooksby Lacked Standing to Bring a Declaratory Judgment Action Against GEICO.**

We have repeatedly reaffirmed the no-direct-action rule: "absent a contractual or statutory provision authorizing the action, an insurance carrier cannot be sued directly and cannot be joined as a party defendant." *Graham v. State Farm Mut. Auto. Ins. Co.*, 138 Idaho 611, 613, 67 P.3d 90, 92 (2003) (quoting *Pocatello Indus. Park Co. v. Steel W., Inc.*, 101 Idaho 783, 791, 621 P.2d 399, 407 (1980)); *accord Hartman v. United Heritage Prop. & Cas. Co.*, 141 Idaho 193, 199, 108 P.3d 340, 346 (2005); *Stonewall Surplus Lines Ins. Co. v. Farmers Ins. Co. of Idaho*, 132 Idaho 318, 322, 971 P.2d 1142, 1146 (1998); *Downing v. Travelers Ins. Co.*, 107 Idaho 511, 514, 691 P.2d 375, 378 (1984). The basis for this rule is that an insurance policy is "a matter of contract between the insurer and the insured," and a third party "allegedly injured by the insured is not a party to the insurance contract and has no rights under it." *Hartman*, 141 Idaho at 199, 108 P.3d at 346.

Brooksby does not allege that any statute has abrogated the no-direct-action rule. Nor does she allege that she has any contractual rights under the Policy, either as an insured or as Father's assignee. *See id.* at 198, 108 P.3d at 345 (insured's assignee may sue insurer). Under *Graham*, Brooksby has no rights against, or relationship with, GEICO whatsoever.[3] Therefore, GEICO's denial of her claim was not an injury in fact, and she had no standing to contest

---

[3] We have "never held that an insured's judgment creditor has a direct action against the insurer." *Hartman*, 141 Idaho at 198, 108 P.3d at 345. That issue is not presented here, and we express no opinion on whether Brooksby might at some future time gain standing to sue GEICO merely by obtaining an unsatisfied judgment against Father.

GEICO's decision. *See Abolafia v. Reeves*, 152 Idaho 898, ___, 277 P.3d 345, 349 (2012) ("To satisfy the requirement of standing, 'litigants generally must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury.' " (quoting *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989))).

It makes no difference that Brooksby seeks declaratory relief as opposed to money damages. The requirement that a party have standing is equally applicable in both types of actions. *See Selkirk-Priest Basin Ass'n v. State ex. rel. Batt*, 128 Idaho 831, 834, 919 P.2d 1032, 1035 (1996) ("[T]he Declaratory Judgment Act does not relieve a party from showing that it has standing to bring the action in the first instance."); *State v. Rhoades*, 119 Idaho 594, 597, 809 P.2d 455, 458 (1991) ("[A] declaratory judgment can only be rendered in a case where an actual or justiciable controversy exists." (quoting *Harris v. Cassia Cnty*, 106 Idaho 513, 516, 681 P.2d 988, 991 (1984))).

Moreover, Brooksby's position is contradicted by the plain language of Idaho's Uniform Declaratory Judgment Act:

> Any person . . . *whose rights, status or other legal relations are affected by a . . . contract* . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder.

I.C. § 10-1202 (emphasis added). In other words, the Act does not *create* any new rights, statuses, or legal relations. It applies only where such rights, statuses, or legal relations *already exist*. At this juncture, Brooksby simply has no right, status, or legal relationship vis-à-vis GEICO that could form the basis of a declaratory judgment action. *See Farmers Ins. Exch. v. Dist. Court for Fourth Judicial Dist.*, 862 P.2d 944, 948 (Colo. 1993) (declaratory judgment would not affect injured third party's then-existing or reasonably foreseeable rights, as she might fail to establish alleged tortfeasor's liability); *Knittle v. Progressive Cas. Ins. Co.*, 908 P.2d 724, 726 (Nev. 1996).

It is of no consequence that an insurer may join an injured third party in a declaratory judgment action in which the insurer seeks a determination of coverage, *see Temperance Ins. Exch. v. Carver*, 83 Idaho 487, 491, 365 P.2d 824, 826 (1961), and indeed that the insurer must do so when feasible, *see* I.R.C.P. 57(b). Brooksby urges this court to adopt the converse rule: that an injured third party may sue an insurer for a determination of coverage under its insured's

4

policy. However, standing "focuses on the party seeking relief and not on the issues the party wishes to have adjudicated," *Bagley v. Thomason*, 149 Idaho 806, 807, 241 P.3d 979, 980 (2010) (quoting *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989)), and it is the "person wishing to invoke a court's jurisdiction [who] must have standing." *Schneider v. Howe*, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006) (quoting *Van Valkenburgh v. Citizens for Term Limits*, 135 Idaho 121, 124, 15 P.3d 1129, 1132 (2000)). Thus, the fact that an insurer may join an injured third party in an existing coverage dispute concerning a policy that the insurer issued does not imply that an injured third party may initiate a coverage dispute concerning a policy to which she is a stranger.

## VI. CONCLUSION

The district court's grant of GEICO's Motion to Dismiss pursuant to Idaho Rule of Civil Procedure 12(b)(6) is affirmed because Brooksby lacks standing to seek a declaratory judgment against GEICO. Costs on appeal are awarded to GEICO.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.