# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44917

| | |
|---|---|
| MICHAEL D. DAHMER, P.E., | ) 2018 Unpublished Opinion No. 445 |
| | ) |
| Plaintiff-Appellant, | ) Filed: May 11, 2018 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| JONATHAN BLACKBURN; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation; DAVID E. BICE, personally and in his capacity as Claims Adjuster for STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) THIS IS AN UNPUBLISHED ) OPINION AND SHALL NOT ) BE CITED AS AUTHORITY ) ) ) ) ) ) ) |
| | ) |
| Defendants-Respondents, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOES I through V, and JOHN DOE CORPORATIONS I through V, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Jonathan P. Brody, District Judge.

Judgment dismissing complaint, <u>affirmed</u>.

Michael D. Dahmer, P.E., Jerome, pro se appellant.

Elam & Burke, P.A.; Jeffery A. Thomson, Boise, for respondents State Farm Mutual Insurance Company and David E. Bice.

Anthony M. Valdez, Twin Falls, for respondent Jonathan Blackburn.

1

GUTIERREZ, Judge

Michael D. Dahmer appeals from the district court's judgment dismissing his complaint as to all parties pursuant to the jury's verdict that defendant Jonathan Blackburn was not negligent. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Dahmer and Blackburn collided in an uncontrolled intersection within the city limits of Jerome, Idaho. Dahmer filed a complaint against Blackburn, Blackburn's insurer, State Farm Mutual Automobile Insurance Company (State Farm), and State Farm's claims adjuster, David Bice. Both State Farm and Bice filed motions to dismiss and motions for sanctions. Dahmer, who prosecuted the action pro se, filed a memorandum in opposition to those motions and an affidavit in support of his opposition. State Farm and Bice filed a memorandum in support of their motions. Dahmer filed a second memorandum in opposition. In response, Bice and State Farm filed reply briefs in support of their motions.

A hearing was held to address the motions to dismiss and motions for sanctions. At that hearing, the court granted the defendants' motions to dismiss and instructed the parties to provide additional briefing on the sanctions issue. The court signed an order granting the defendants' motions to dismiss. Dahmer then filed a motion for reconsideration, which was never set for a hearing. Following a status hearing in which the court was made aware of Dahmer's motion for reconsideration, the motion for reconsideration was taken under advisement and subsequently denied. On the same day that it denied Dahmer's motion for reconsideration, the district court granted the defendants' motions for sanctions.

The case proceeded to trial. At trial, Dahmer called an expert witness. This witness concluded that Blackburn was speeding. Dahmer also called the officer who responded to the accident and wrote Blackburn a failure to yield citation, which was ultimately dismissed by the State. Dahmer wished to question the officer regarding this citation, but was prevented by the district court's prior ruling addressing Blackburn's motion in limine concerning the citation. Other witnesses were called and then closing arguments were given. The jury returned a verdict finding that Blackburn was not negligent. The district court entered a judgment dismissing Dahmer's complaint as to all parties. Dahmer timely appealed.

## II.
## STANDARD OF REVIEW

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Even if an issue was raised below, a party waives that issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Furthermore, appellate review is limited to the arguments and theories presented below. *Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006).

In dealing with issues subject to an abuse of discretion standard of review, the party raising the issue must indicate which of the three prongs of the abuse of discretion analysis it believes was implicated by the district court's action. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). The abuse of discretion analysis requires this Court to look at whether the lower court (1) correctly perceived the issue as one of discretion, (2) acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and (3) reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## III.
## ANALYSIS

### A.     Issues Involving State Farm and Bice

#### 1.     The "no direct action" rule

In 1980, the Idaho Supreme Court established the "no direct action" rule, which provides that absent a contractual or statutory provision authorizing the action, an insurance carrier cannot be sued directly and cannot be joined as a party defendant. *Pocatello Indus. Park Co. v. Steel West, Inc.*, 101 Idaho 783, 791, 621 P.2d 399, 407 (1980). Under the no direct action rule, only a first-party insured can sue an insurance company; injured third parties can only sue insureds. *Idaho State Ins. Fund v. Van Tine*, 132 Idaho 902, 908, 980 P.2d 566, 572 (1999) (explaining that "a claim against an insurer for breach of the duty of good faith and fair dealing is only

3

available to first party insureds"); *Downing v. Travelers Ins. Co.*, 107 Idaho 511, 514-15, 691 P.2d 375, 378-79 (1984) (providing justifications for the no direct action rule).

Dahmer contends that the no direct action rule does not apply in this case because he is not suing State Farm as the tortfeasor's insurer, but rather as an independent tortfeasor. In support of his position, Dahmer cites to Justice Bistline's partial dissent in *Hettwer v. Farmers Insurance Company of Idaho*, 118 Idaho 373, 797 P.2d 81 (1990). In *Hettwer*, the Hettwers sued the alleged tortfeasor's insurance company directly because the company had intentionally and tortiously denied or delayed payment on the claims. *Id.* at 373, 797 P.2d at 81. The Hettwers argued that their case was different from prior no direct action rule cases because Farmers Insurance Company of Idaho was also their insurer, meaning they had privity supporting an independent bad faith claim. *Id.* at 375, 797 P.2d at 83 (Bistline, J., concurring in part and dissenting in part). The Idaho Supreme Court rejected this argument, holding that the Hettwers' claim was a third-party action, meaning it was barred by the no direct action rule.

As an appellate court, we will affirm a trial court's grant of an Idaho Rule of Civil Procedure 12(b)(6) motion to dismiss where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

Dahmer's factual pleadings belie his assertion that he is suing State Farm and Bice for independent intentional torts. In his original complaint, Dahmer merely alleged that Bice "acted with criminal intent and malice in reviewing and ultimately denying Michael's claim." The no direct action rule clearly prohibits lawsuits by third parties based on denial of claims. Even with all inferences from the record and pleadings viewed in Dahmer's favor, a claim for relief has not been stated.[1]

---

[1]     Dahmer raises three additional issues: (1) "By law or case precedent, defendant, respondent Blackburn cannot benefit from fraud or criminal actions of defendant, respondent

## 2.      Sanctions

Before the district court, State Farm and Bice moved for sanctions pursuant to I.R.C.P. 11, which allows for an award of sanctions for bringing an action that is not grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or is interposed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. State Farm and Bice argued that Dahmer's claims, however characterized, were barred by the no direct action rule. Dahmer opposed the motion for sanctions, arguing that he believed "the case law purporting the total immunity of State Farm and defendant Bice to the laws of the State of Idaho and the jurisdiction of this court is not on point." Dahmer then cited to portions of the *Hettwer* decision, including the majority's citation to *Bean v. Allstate Ins. Co.*, 403 A.2d 793 (Md. 1979), which in turn cites to *Thompson v. Commercial Union Ins. Co. of New York*, 250 So. 2d 259, 262-64 (Fla. 1971), holding that a judgment creditor may maintain suit directly against a tortfeasor's liability insurer for recovery of the judgment in excess of the policy limits based upon the alleged fraud or bad faith of the insurer in conducting or handling the suit. Moreover, Dahmer cited to Justice Bistline's partial dissent, which includes the statement, "I am persuaded that one day this Court, differently constituted one may be certain, will see merit in the Hettwers' contention that their action against Farmers is not so far fetched as others may think." *Hettwer*, 118 Idaho at 374, 797 P.2d at 82 (Bistline, J., concurring in part and dissenting in part).

In determining whether a district court's imposition of Rule 11 sanctions is proper, the Court applies an abuse of discretion standard. I.R.C.P. 11; *Chapple v. Madison Cnty. Officials*,

State Farm, its agents and defendant respondent Bice"; (2) "Plaintiff, appellant Dahmer was denied due process and guaranteed constitutional rights and was unfairly impeded by the prototype e-filing system that should never have mingled a Jerome County Case, with the Twin Falls County Prototype e-filing system"; and (3) "Further, the refusal to consolidate Appellant['s] claim or allowing Appellant to proceed separate against each party denies Appellant Dahmer the equal protection of the Fourteenth Amendment U.S. Constitution to the plaintiff." Because we hold that the district court did not err in dismissing Dahmer's actions against State Farm and Bice pursuant to the no direct action rule, any error by the district court in relation to the aforementioned issues would not be prejudicial. *Crown Point Dev., Inc. v. City of Sun Valley*, 144 Idaho 72, 77, 156 P.3d 573, 578 (2007) ("An error is prejudicial only if it could have affected or did affect the outcome of a proceeding."). Accordingly, we need not address these issues.

132 Idaho 76, 80, 967 P.2d 278, 282 (1998); *Sun Valley Shopping Ctr., Inc.*, 119 Idaho at 94, 803 P.2d at 1000. The application of the abuse of discretion standard requires the Court to determine: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.* (citing *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989)).[2]

The district court sanctioned Dahmer under Rule 11(c)(1) after finding that Dahmer's contentions were not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and resulted in unnecessary delay and needless increase in the cost of litigation in this action. The district court also noted that Dahmer had repeatedly been informed of the "mountain of case-law against his position." Furthermore, in *Graham v. State Farm Mut. Auto. Ins. Co.*, 138 Idaho 611, 614, 67 P.3d 90, 93 (2002), the Idaho Supreme Court deemed Graham's out-of-state authority "not persuasive." The district court's imposition of sanctions was properly recognized as a matter of discretion. The district court was well within its discretion to impose Rule 11 sanctions because there is ample support in the law and the record that Dahmer did not exercise reasonableness in asserting that, as an injured third party, he could bring a direct claim against an insurance company in Idaho.

## B. Issues Involving Blackburn

### 1. Failure to yield citation

Dahmer contends that the district court erred by not allowing him to cross-examine Blackburn as to the failure to yield citation Blackburn received at the scene of the accident. Before trial, Blackburn filed a motion in limine to prevent Dahmer from referring to the failure to yield citation, as it was dismissed by the Jerome City Prosecuting Attorney and thus had no

---

[2] Dahmer does not explicitly contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it, or that the district court did not reach its decision by an exercise of reason. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). However, as Dahmer does not prevail on the merits, we will construe Dahmer's issue as a challenge to the second prong of the abuse of discretion analysis and address the issue on the merits.

probative value. The district court told both parties to "figure on not being able to admit the citation or the fact that the citation was issued." At trial, Blackburn was asked by his attorney if he had ever received any speeding tickets, to which he replied that he had not. Dahmer asked the district court if that question opened the door for him to bring up the failure to yield citation. The district court said that it did not open the door because the question was limited to speeding tickets, not "any and all tickets." Because Dahmer does not support his argument that the district court erred by not allowing him to cross-examine Blackburn as to the failure to yield citation with propositions of law or authority, this issue will not be considered on appeal. *Powell*, 130 Idaho at 128, 937 P.2d at 440 (explaining that a party waives an issue on appeal if either argument or authority is lacking).

Dahmer further argues that Blackburn opened the door as to the officer's issuance of the failure to yield citation at the scene of the accident by asking the officer if Dahmer failed to yield the right-of-way. Dahmer contends that the district court erred by not allowing him to ask the officer about his conclusion that Blackburn had failed to yield, which was the basis for the issuance of the citation. When Dahmer attempted to ask the officer whether there was a failure to yield, Blackburn objected. Dahmer responded with, "Your Honor, that issue has been taken care of. The officer is certainly an expert and should be entitled to render an opinion." At no time did Dahmer argue that Blackburn had opened the door. Because appellate court review is limited to the theories and arguments presented below, we will not consider Dahmer's new argument raised for the first time on appeal. *See Obenchain*, 143 Idaho at 57, 137 P.3d at 444. Even if one could argue that Dahmer had presented this argument below, a party waives an issue on appeal if argument or authority is lacking, and Dahmer's brief is devoid of authority. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Moreover, Dahmer does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it, or that the district court did not reach its decision by an exercise of reason. *Cummings*, 160 Idaho at 853, 380 P.3d at 174. These procedural errors preclude consideration of this issue.

The third issue Dahmer raises concerning Blackburn stems from the following exchange, which occurred at trial before the first witness was called:

7

MR. VALDEZ [counsel for Blackburn]: I went out and spoke with [the officer], because I hadn't previously. He has his report that he had filed in his case. Attached to those reports are written statements from Mr. Dahmer and Mr. Blackburn that had not been previously disclosed in this case. Obviously [the officer] can't testify as to the contents of them because that would be hearsay, but they are--and I need to let the court and counsel know that--that there were witness statements that he obtained and for whatever reason when Mr. Dahmer obtained police reports for his case, they did not provide. And I think because they are statements by a party opponent I think Mr. Dahmer should have the ability to review them.

THE COURT: Well, yeah. Substantively what are they like? Does this change--I mean--Maybe it doesn't. I don't know.

MR. VALDEZ: I think--plus I haven't had the opportunity to go over a statement that is attributed to my client, either.

THE COURT: Okay.

MR. VALDEZ: I think that given that [the officer] is prepared to testify consistent with the court's ruling on the Motion in Limine about the preparation of his report or that he did a report and any observations that he may have made, that can still go forward; but I do want, I think in the interest of absolute fairness, that Mr. Dahmer review the statements that [the officer] obtained as well.

MR. DAHMER: Your Honor, that's the way they were produced from the police department. It never occurred to me that there was any additional there.

On appeal, Dahmer argues that the district court abused its discretion in not allowing the officer to testify as to who he believed had failed to yield in light of the fact that Blackburn's attorney "intimidated the witness and conducted improper discovery." Moreover, Dahmer contends that Blackburn's attorney's actions were grounds for a mistrial and sanctions under I.R.C.P. 26(b)(4)(A)(v).

These issues were not raised at trial. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. Dahmer also fails to provide authority in support of his argument. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Due to Dahmer's failure to comply with the procedural rules, we will not address this issue.

### 2. Error in preparation of final jury instructions

Dahmer argues that the trial court abused its discretion and erred in the preparation of final jury instructions and the Special Verdict Form. At trial, Dahmer's specific objection was to the inclusion of jury instruction number eighteen.[3] On appeal, Dahmer claims instruction eighteen was erroneous and that the district court did not give him sufficient time to review the

---

[3] Jury instruction number eighteen reads: "A person who has been damaged must exercise ordinary care to minimize the damage and prevent further damage. Any loss that results from a failure to exercise such care cannot be recovered."

Special Verdict Form. Because the issue of not being granted sufficient time to review the Special Verdict Form was not raised at trial, only Dahmer's objection to jury instruction number eighteen is preserved for appellate review. *See Sanchez*, 120 Idaho at 322, 815 P.2d at 1062.

The question whether the jury has been properly instructed is a question of law over which we exercise free review. *Needs v. Hebener*, 118 Idaho 438, 441, 797 P.2d 146, 149 (Ct. App. 1990). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *Powell*, 130 Idaho at 126, 937 P.2d at 438. When the instructions, taken as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error. *Howell v. E. Idaho R.R., Inc.*, 136 Idaho 733, 740, 24 P.3d 50, 57 (2001). However, Dahmer has not provided argument as to how the inclusion of instruction number eighteen rendered the instructions, as a whole, prejudicial or misleading, nor has Dahmer provided authority to support that conclusion. *See Powell*, 130 Idaho at 128, 937 P.2d at 440. Accordingly, we will not address this issue.

## C.     Attorney Fees and Costs on Appeal

### 1.     State Farm's and Bice's attorney fees on appeal

State Farm and Bice seek attorney fees on appeal pursuant to Idaho Appellate Rule 11.2(a) and Idaho Code § 12-121. In *Graham*, 138 Idaho at 614, 67 P.3d at 93, the Idaho Supreme Court awarded fees on appeal under I.C. § 12-121 on the grounds that the case was without foundation, the law was well-settled in this area, and there was no compelling reason to reconsider the Court's prior decisions. The *Graham* case is substantially similar to the present case. Graham sued State Farm despite being an injured third party, not a first-party insured. *Id.* at 612, 67 P.3d at 91. State Farm's attorney supplied Graham's counsel with the controlling authorities before the suit, including the cases of *Hettwer*, 118 Idaho 373, 797 P.2d 81 and *Van Tine*, 132 Idaho 902, 980 P.2d 566. *Graham*, 138 Idaho at 612, 67 P.3d at 91. Graham maintained the suit and filed an appeal after the district court explained that he was barred by the no direct action rule. *Id.* Dahmer cites to no authority handed down since *Graham* that would allow us to reconsider application of the no direct action rule in this case. Accordingly, State Farm and Bice are entitled to recover attorney fees on appeal pursuant to I.C. § 12-121.

### 2. Blackburn's attorney fees on appeal

Blackburn argues that he is entitled to attorney fees on appeal because Dahmer's appeal was based on issues not raised at trial and on claims not well-grounded in fact or law. Blackburn cites to *Vendelin v. Costco Wholesale Corp.*, 140 Idaho 416, 95 P.3d 34 (2004), as authority for his argument.[4] Dahmer has presented issues and arguments on appeal that were not raised below, such as the issue of Blackburn's counsel allegedly intimidating a witness. *See Vendelin*, 140 Idaho at 434, 95 P.3d at 52 (2004) (holding that attorney fees on appeal were proper under I.C. § 12-121 where the appeal was not well-grounded in fact or law and raised issues which were not raised below). And though Dahmer did request to be able to cross-examine Blackburn regarding the failure to yield citation and did object to the inclusion of jury instruction eighteen, he does not provide authority on appeal to explain how the district court erred in regard to those issues. *Id.* Accordingly, Dahmer's appeal, as it relates to issues concerning Blackburn, was unreasonable. Thus, Blackburn is entitled to recover attorney fees and costs.

---

[4] Blackburn never explicitly cites to the statute on which his argument relies, namely I.C. § 12-121. Instead, Blackburn cites to *Vendelin*, which addresses I.C. § 12-121, and then draws parallels between it and the present case. Pursuant to I.A.R. 35(b)(5), respondents must state the basis for their claim of attorney fees. In addition to providing authority, the respondent must provide argument as to why the authority is applicable in the present case. *Athay v. Rich Cnty.*, 153 Idaho 815, 827, 291 P.3d 1014, 1026 (2012). Though Blackburn cited to case authority and provided argument, the Idaho Supreme Court's rulings are inconsistent on whether this is sufficient or whether a statute or contractual provision must be cited. *Compare Wash. Fed. v. Hulsey*, 162 Idaho 742, 749, 405 P.3d 1, 8 (2017) (explaining that a party requesting attorney fees must assert the specific "statute, rule, or case authority" for its claim); *Stevens v. Stevens*, 135 Idaho 224, 230, 16 P.3d 900, 906 (2000) ("A party claiming attorney fees must assert the specific statute, rule, or case authority for its claim."), *with PHH Mortg. Servs. Corp. v. Perreira*, 146 Idaho 631, 641, 200 P.3d 1180, 1190 (2009) ("Because they have failed to cite any statutory or contractual authority for awarding attorney fees, we will not address that issue."); *Bream v. Benscoter*, 139 Idaho 364, 370, 79 P.3d 723, 729 (2003) ("Attorney fees are awardable only where they are authorized by statute or contract. . . . If the party is claiming that a statute provides authority for an award of attorney fees, the party must cite to the statute and, if applicable, the specific subsection of the statute upon which the party relies."). Though there is Supreme Court precedent suggesting that Blackburn failed to properly request attorney fees, as he never explicitly cites to a statute or contractual provision, the most recent decision addressing this issue, *Hulsey*, states that a party must base its claim on a statute, rule, *or* case authority. Accordingly, we hold that Blackburn's request for attorney fees was sufficient as it was based on case authority. However, we recommend parties directly cite to applicable statutes.

### 3. Dahmer's extraordinary costs

Dahmer seeks extraordinary costs of $50,000 pursuant to I.A.R. 40. Because Dahmer is not the prevailing party, he is not entitled to costs.

## IV.

## CONCLUSION

The district court did not abuse its discretion when it ruled that Dahmer's claims against State Farm and Bice were barred by the no direct action rule. Because of this holding, we do not address Dahmer's other issues concerning State Farm and Bice as any error could not have been prejudicial. Turning to Dahmer's issues concerning Blackburn, we hold that consideration of these issues is precluded by procedural bars. Finally, attorney fees and costs are awarded to State Farm, Bice, and Blackburn, while Dahmer's request for extraordinary costs is denied. Accordingly, the district court's judgment dismissing Dahmer's complaint is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

11